**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OMNI MEDSCI, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>OURA HEALTH OY,<br><br>*Defendant.* | Civil No. 2:26-cv-00289-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**OURA HEALTH OY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO OMNI MEDSCI, INC.'S FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Oura Health Oy ("Oura"), by and through its undersigned counsel, hereby responds to the Fourth Amended Complaint for Patent Infringement (hereinafter, "Complaint")[1] (Dkt. 3) filed by Plaintiff Omni MedSci, Inc. ("Omni") on April 15, 2026 for alleged infringement of United States Patent Nos. 9,055,868 ("the '868 Patent"), 9,651,533 ("the '533 Patent"), 10,874,304 ("the '304 Patent"), and 12,268,475 ("the '475 Patent") (collectively, the "Asserted Patents" or the "Patents-in-Suit"). Unless expressly admitted below, Oura denies all allegations in the Complaint and further denies that Omni is entitled to its requested relief or any other relief.

## NATURE OF THE ACTION

1. To the extent that the allegations of Paragraph 1 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are

[1] Oura objects to Omni's characterization of the Complaint as a "Fourth Amended Complaint" because this is a newly severed action and the Complaint is the first complaint filed in this action against Oura. Accordingly, Oura's reference herein to the "Fourth Amended Complaint" or "Complaint" is solely for the purpose of convenience and should not be construed as an admission that the Complaint is properly denominated as such. Likewise, headings from Oura's Complaint are referenced solely for the purpose of convenience and should not be construed as an admission regarding the subject matter alleged.

denied. Oura admits that the Complaint purports to set forth a civil action for infringement of the Patents-in-Suit arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, to obtain damages and injunctive relief. Oura denies that it has infringed any of the Patents-in-Suit. Oura denies that it has enabled infringement of any of the Patents-in-Suit. Except as expressly admitted, Oura denies the remaining allegations set forth in Paragraph 1.

**THE PARTIES**

2. Oura lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 and, on that basis, denies the same.

3. Oura Health admits that Oura Health Oy is a Finnish company with its principal place of business at Elektroniikkatie 10, 90590, Oulu, Finland.

4. To the extent that the allegations of Paragraph 4 set forth legal conclusions, no response is required, and on that basis Oura denies that it designs, manufactures, makes, uses, markets, offers to sell, sells, and/or imports any products into the United States. Oura denies the remaining allegations set forth in Paragraph 4.

**JURISDICTION AND VENUE**

5. Oura incorporates by reference each of its responses set forth in Paragraphs 1 through 4 above as if fully set forth herein.

6. Oura admits that Omni purports to allege jurisdiction and venue as proper in this Judicial District.

7. Oura admits that, for purposes of this action only, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Oura does not contest that this Court has personal jurisdiction over Oura solely for the purpose of this action. Except as expressly admitted, Oura denies all remaining allegations in Paragraph 8.

9. To the extent that the allegations of Paragraph 9 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, Oura denies all allegations of Paragraph 9.

10. To the extent that the allegations of Paragraph 10 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, Oura denies all allegations of Paragraph 10.

11. For purposes of this action only, and without waiving any defense of improper venue is connection with any other cause of action or claim, Oura does not dispute that venue is proper in this District under 28 U.S.C. §§ 1391 or 1400(b). Except as expressly admitted, Oura denies all remaining allegations in Paragraph 11.

12. For purposes of this action only, and without waiving any defense of improper venue is connection with any other cause of action or claim, Oura does not dispute that venue is proper in this District under 28 U.S.C. § 1391. Except as expressly admitted, Oura denies all remaining allegations in Paragraph 12.

## BACKGROUND

### Dr. Mohammed Islam and Omni MedSci, Inc.

13. Oura incorporates by reference each of its responses set forth in Paragraphs 1 through 12 above as if fully set forth herein.

14. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis, denies them.

15. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis, denies them.

16. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis, denies them.

17. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis, denies them.

18. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis, denies them.

19. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis, denies them.

20. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis, denies them.

21. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis, denies them.

22. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and on that basis, denies them.

23. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis, denies them.

24. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis, denies them.

## The Asserted Patents

### U.S. Patent No. 9,055,868

25. Oura admits that U.S. Patent No. 9,055,868 (“the ’868 Patent”) states, on its face, that it issued on June 16, 2015, and is entitled “System and Method for Voice Control of Medical

Devices." Oura admits the '868 Patent is purportedly attached as Exhibit 1. Oura denies that the '868 Patent is valid, and denies any remaining allegations of Paragraph 25.

26. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis, denies them.

27. Oura denies the allegations of Paragraph 27.

28. Oura denies the allegations of Paragraph 28.

29. Oura expressly denies that it has committed any acts of infringement. On information and belief, Omni failed to meet its applicable obligations under 35 U.S.C. § 287 due to Omni and/or its licensees/affiliates failing to mark commercial products pursuant to 35 U.S.C. § 287, including without limitation the Dexcom G4 Mobile Continuous Glucose Monitoring System, Dexcom G5 Mobile Continuous Glucose Monitoring System, and Dexcom G7 Mobile Continuous Glucose Monitoring System as well as products made by Omni or its affiliates under government contracts. Oura denies the remaining allegations of Paragraph 29.

30. To the extent that the allegations of Paragraph 30 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura otherwise denies the remaining allegations of Paragraph 30.

31. Oura avers that the '868 Patent speaks for itself speaks, and otherwise denies all remaining allegations in Paragraph 31, including characterizations of the patent beyond its text and any legal conclusions.

32. Oura avers that the '868 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 32, including characterizations of the patent beyond its text and any legal conclusions.

33. Oura avers that the ’868 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 33, including characterizations of the patent beyond its text and any legal conclusions.

34. Oura avers that the ’868 Patent speaks for itself speaks, and otherwise denies all remaining allegations in Paragraph 34, including characterizations of the patent beyond its text and any legal conclusions.

**U.S. Patent No. 9,651,533**

35. Oura admits that U.S. Patent No. 9,651,533 (“the ’533 Patent”) states, on its face, that it issued on May 16, 2017, and is entitled “Short-Wave Infrared Super-Continuum Lasers for Detecting Counterfeit or Illicit Drugs and Pharmaceutical Process Control.” Oura admits that the ’533 Patent is purportedly attached as Exhibit 2. Oura denies that the ’533 Patent is valid, and denies any remaining allegations of Paragraph 35.

36. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis, denies them.

37. Oura denies the allegations of Paragraph 37.

38. Oura denies the allegations of Paragraph 38.

39. Oura expressly denies that it has committed any acts of infringement. On information and belief, Omni failed to meet its applicable obligations under 35 U.S.C. § 287 due to Omni and/or its licensees/affiliates failing to mark commercial products pursuant to 35 U.S.C. § 287, including without limitation the Dexcom G4 Mobile Continuous Glucose Monitoring System, Dexcom G5 Mobile Continuous Glucose Monitoring System, and Dexcom G7 Mobile Continuous Glucose Monitoring System as well as products made by Omni or its affiliates under government contracts. Oura denies the remaining allegations of Paragraph 39.

40. To the extent that the allegations of Paragraph 40 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura otherwise denies the remaining allegations of Paragraph 40.

41. Oura avers that the ’533 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 41, including characterizations of the patent beyond its text and any legal conclusions.

42. Oura avers that the ’533 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 42, including characterizations of the patent beyond its text and any legal conclusions.

43. Oura avers that the ’533 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 43, including characterizations of the patent beyond its text and any legal conclusions.

44. Oura avers that the ’533 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 44, including characterizations of the patent beyond its text and any legal conclusions.

45. Oura avers that the ’533 Patent speaks for itself speaks, and otherwise denies all remaining allegations in Paragraph 45, including characterizations of the patent beyond its text and any legal conclusions.

**U.S. Patent No. 10,874,304**

46. Oura admits that U.S. Patent No. 10,874,304 (“the ’304 Patent”) states, on its face, that it issued on December 29, 2020, and is entitled “Semiconductor Source Based Near Infrared Measurement Device with Improved Signal-to-Noise Ratio.” Oura admits that the ’304 Patent is purportedly attached as Exhibit 3. Oura denies that the ’304 Patent is valid, and denies any remaining allegations of Paragraph 46.

47. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and on that basis, denies them.

48. Oura denies the allegations of Paragraph 48.

49. Oura denies the allegations of Paragraph 49.

50. Oura expressly denies that it has committed any acts of infringement. On information and belief, Omni failed to meet its applicable obligations under 35 U.S.C. § 287 due to Omni and/or its licensees/affiliates failing to mark commercial products pursuant to 35 U.S.C. § 287, including without limitation the Dexcom G4 Mobile Continuous Glucose Monitoring System, Dexcom G5 Mobile Continuous Glucose Monitoring System, and Dexcom G7 Mobile Continuous Glucose Monitoring System as well as products made by Omni or its affiliates under government contracts. Oura denies the remaining allegations of Paragraph 50.

51. To the extent that the allegations of Paragraph 51 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura otherwise denies the remaining allegations of Paragraph 51.

52. Oura avers that the ’304 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 52, including characterizations of the patent beyond its text and any legal conclusions.

53. Oura avers that the ’304 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 53, including characterizations of the patent beyond its text and any legal conclusions.

54. Oura avers that the ’304 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 54, including characterizations of the patent beyond its text and any legal conclusions.

55. Oura avers that the ’304 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 55, including characterizations of the patent beyond its text and any legal conclusions.

**U.S. Patent No. 12,268,475**

56. Oura admits that U.S. Patent No. 12,268,475 (“the ’475 Patent”) states, on its face, that it issued on April 8, 2025, and is entitled “Wearable Device for Differential Measurement on Pulse Rate and Blood Flow.” Oura admits that the ’475 Patent is purportedly attached as Exhibit 4. Oura denies that the ’475 Patent is valid, and denies any remaining allegations of Paragraph 56.

57. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, and on that basis, denies them.

58. Oura denies the allegations of Paragraph 58.

59. Oura denies the allegations of Paragraph 59.

60. Oura expressly denies that it has committed any acts of infringement. On information and belief, Omni failed to meet its applicable obligations under 35 U.S.C. § 287 due to Omni and/or its licensees/affiliates failing to mark commercial products pursuant to 35 U.S.C. § 287, including without limitation the Dexcom G4 Mobile Continuous Glucose Monitoring System, Dexcom G5 Mobile Continuous Glucose Monitoring System, and Dexcom G7 Mobile Continuous Glucose Monitoring System as well as products made by Omni or its affiliates under government contracts. Oura denies the remaining allegations of Paragraph 60.

61. To the extent that the allegations of Paragraph 61 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura otherwise denies the remaining allegations of Paragraph 61.

62. Oura avers that the ’475 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 62, including characterizations of the patent beyond its text and any legal conclusions.

63. Oura avers that the ’475 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 63, including characterizations of the patent beyond its text and any legal conclusions.

64. Oura avers that the ’475 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 64, including characterizations of the patent beyond its text and any legal conclusions.

65. Oura avers that the ’475 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 65, including characterizations of the patent beyond its text and any legal conclusions.

66. Oura avers that the ’475 Patent speaks for itself, and otherwise denies all remaining allegations in Paragraph 66, including characterizations of the patent beyond its text and any legal conclusions.

**Knowledge of the Asserted Patents**

67. Oura became aware of the ’868, ’533, and ’304 Patents for the first time upon service of Plaintiff’s Original Complaint in the Original Action. Oura became aware of the ’475 Patent for the first time on May 5, 2025. To the extent that the allegations of Paragraph 67 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura otherwise denies the allegations as to Oura set forth in Paragraph 67.

68. Oura admits that U.S. Patent No. 12,013,725 ("the '725 Patent") states, on its face, that it was issued to Ouraring Inc. on June 18, 2024. Oura admits that the '725 Patent identifies on its face the '533 Patent. Oura denies all remaining allegations in Paragraph 68.

69. Oura lacks non-privileged knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and on that basis, denies them.

## THE ACCUSED SYSTEMS

70. Oura admits that it currently markets and supports sales of the Oura Ring Gen 3 and Gen 4, and sells these smart rings to retailers, distributors, and/or other resellers. Except as expressly admitted, Oura denies all remaining allegations of Paragraph 70.

71. Oura admits that it makes available for download an Oura App, which can run on iOS and/or Android OS smartphones and tablets, and can be used with Oura Ring products. Except as expressly admitted, Oura denies all remaining allegations of Paragraph 71.

72. Oura admits that it makes available for download an Oura App which can run on iOS and/or Android OS smartphones and tablets, and can be used with Oura Ring products. Except as expressly admitted, Oura denies all remaining allegations of Paragraph 72.

## Count I: Infringement of the '868 Patent

73. Oura incorporates by reference each of its responses set forth in Paragraphs 1 through 72 above as if fully set forth herein.

74. To the extent that the allegations of Paragraph 74 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that it provides for download an Oura App, which can run on iOS and/or Android OS smartphones and tablets, and can be used with Oura Ring products. Oura expressly

denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 74.

75. To the extent that the allegations of Paragraph 75 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that the Original Complaint alleged infringement of the ’868 Patent against Oura. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 75.

76. To the extent that the allegations of Paragraph 76 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 76.

**Count II: Infringement of the ’533 Patent**

77. Oura incorporates by reference each of its responses set forth in Paragraphs 1 through 76 above as if fully set forth herein.

78. To the extent that the allegations of Paragraph 78 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that it provides for download an Oura App, which can run on iOS and/or Android OS smartphones and tablets, and can be used with Oura Ring products. Oura expressly denies that it has committed any acts of infringement, whether directly or indirectly. Oura otherwise denies the remaining allegations of Paragraph 78.

79. To the extent that the allegations of Paragraph 79 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that the Original Complaint alleged infringement of the ’533 Patent against

Oura. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 79.

80. To the extent that the allegations of Paragraph 80 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, whether directly or indirectly, including by inducement under 35 U.S.C. § 271(b). Oura otherwise denies the remaining allegations of Paragraph 80.

81. To the extent that the allegations of Paragraph 81 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that it provides for download an Oura App, which can run on iOS and/or Android OS smartphones and tablets, and can be used with Oura Ring products. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 81.

82. To the extent that the allegations of Paragraph 82 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that the Original Complaint alleged infringement of the ’533 Patent against Oura. Oura expressly denies that it has committed any acts of infringement. To the extent a response is required, Oura denies the allegations set forth in Paragraph 82 of the Complaint.

83. To the extent that the allegations of Paragraph 83 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, including by inducement. Oura otherwise denies the remaining allegations of Paragraph 83.

84. To the extent that the allegations of Paragraph 84 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 84.

85. To the extent that the allegations of Paragraph 85 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, including contributory infringement under 35 U.S.C. § 271(c). Oura otherwise denies the remaining allegations of Paragraph 85.

86. To the extent that the allegations of Paragraph 86 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 86.

87. To the extent that the allegations of Paragraph 87 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of willful infringement. Oura otherwise denies the remaining allegations of Paragraph 87.

## Count III: Infringement of the ’304 Patent

88. Oura incorporates by reference each of its responses set forth in Paragraphs 1 through 87 above as if fully set forth herein.

89. To the extent that the allegations of Paragraph 89 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that it provides for download an Oura App, which can run on iOS and/or

Android OS smartphones and tablets, and can be used with Oura Ring products. Oura expressly denies that it has committed any acts of infringement, whether directly or indirectly. Oura otherwise denies the remaining allegations of Paragraph 89.

90. To the extent that the allegations of Paragraph 90 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 90.

91. To the extent that the allegations of Paragraph 91 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that the Original Complaint alleged infringement of the ’304 Patent against Oura. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 91.

92. To the extent that the allegations of Paragraph 92 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, whether directly or indirectly, including by inducement under 35 U.S.C. § 271(b). Oura otherwise denies the remaining allegations of Paragraph 92.

93. To the extent that the allegations of Paragraph 93 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 93.

94. To the extent that the allegations of Paragraph 94 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are

denied. Oura admits that the Original Complaint alleged infringement of the ’304 Patent against Oura. To the extent a response is required, Oura denies the allegations set forth in Paragraph 94 of the Complaint.

95. To the extent that the allegations of Paragraph 95 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, including by inducement. Oura otherwise denies the remaining allegations of Paragraph 95.

96. To the extent that the allegations of Paragraph 96 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 96.

97. To the extent that the allegations of Paragraph 97 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, including contributory infringement under 35 U.S.C. § 271(c). Oura otherwise denies the remaining allegations of Paragraph 97.

98. To the extent that the allegations of Paragraph 98 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 98.

99. To the extent that the allegations of Paragraph 99 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are

denied. Oura expressly denies that it has committed any acts of willful infringement. Oura otherwise denies the remaining allegations of Paragraph 99.

**Count IV: Infringement of the ’475 Patent**

100. Oura incorporates by reference each of its responses set forth in Paragraphs 1 through 99 above as if fully set forth herein.

101. To the extent that the allegations of Paragraph 101 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura admits that it provides for download an Oura App, which can run on iOS and/or Android OS smartphones and tablets, and can be used with Oura Ring products. Oura expressly denies that it has committed any acts of infringement, whether directly or indirectly. Oura otherwise denies the remaining allegations of Paragraph 101.

102. To the extent that the allegations of Paragraph 102 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, whether directly or indirectly, including by inducement under 35 U.S.C. § 271(b). Oura otherwise denies the remaining allegations of Paragraph 102.

103. To the extent that the allegations of Paragraph 103 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 103.

104. To the extent that the allegations of Paragraph 104 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are

denied. Oura became aware of the ’475 Patent for the first time on May 5, 2025. To the extent a response is required, Oura denies the allegations set forth in Paragraph 104 of the Complaint.

105. Oura lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint and on that basis, denies them.

106. To the extent that the allegations of Paragraph 106 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, including by inducement. Oura otherwise denies the remaining allegations of Paragraph 106.

107. To the extent that the allegations of Paragraph 107 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 107.

108. To the extent that the allegations of Paragraph 108 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement, including contributory infringement under 35 U.S.C. § 271(c). Oura otherwise denies the remaining allegations of Paragraph 108.

109. To the extent that the allegations of Paragraph 109 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are denied. Oura expressly denies that it has committed any acts of infringement. Oura otherwise denies the remaining allegations of Paragraph 109.

110. To the extent that the allegations of Paragraph 110 set forth legal conclusions, no response is required. To the extent a response to conclusions of law is required, the allegations are

denied. Oura expressly denies that it has committed any acts of willful infringement. Oura otherwise denies the remaining allegations of Paragraph 110.

**JURY DEMAND**

111. Omni's demand for a jury trial on all issues raised by its Complaint contains no allegations and Oura therefore is not required to respond. To the extent that any allegations are included in these portions of Omni's Complaint, Oura denies those allegations.

**PRAYER FOR RELIEF**

112. Omni's prayer for relief contains no allegations and Oura therefore is not required to respond. To the extent that any allegations are included in these portions of Omni's Complaint, Oura denies those allegations.

**GENERAL DENIAL**

113. To the extent that any allegations of Omni's Complaint are not specifically admitted, Oura denies them.

**OURA'S AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

1. Subject to the responses above, Oura alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Oura specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**FIRST DEFENSE – NO PATENT INFRINGEMENT**

2. Oura does not infringe and has not infringed (not directly, contributorily, by inducement, or otherwise), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '868, '533, '304, or '475 Patents (collectively, the "Patents-in-Suit").

**SECOND DEFENSE – PATENT INVALIDITY AND/OR SUBJECT MATTER INELIGIBILITY**

3. The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter, and/or because the claims violate the prohibitions against obviousness-type and statutory double patenting.

4. The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

5. The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

6. The claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

**THIRD DEFENSE – LIMITATION ON PATENT DAMAGES**

7. Omni's claim for damages, if any, against Oura for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 154, 286, 287 and/or 288.

8. On information and belief, Omni failed to meet its applicable obligations under 35 U.S.C. § 287 due to Omni's licensees/affiliates failing to mark commercial products pursuant to 35 U.S.C. § 287, including without limitation the Dexcom G4 Mobile Continuous Glucose Monitoring System, Dexcom G5 Mobile Continuous Glucose Monitoring System, and Dexcom G7 Mobile Continuous Glucose Monitoring System as well as products made by Omni or its affiliates under government contracts.

**FOURTH DEFENSE – PATENT MISUSE, INTERVENING RIGHTS, AND/OR LACHES**

9. Omni's claims against Oura for alleged infringement of the Patents-in-Suit are barred by the doctrine of misuse. Omni has claimed infringement of Oura products including the Oura Generation 1 and Generation 2 products, which were released in 2015 and 2018, respectively. Omni's delay in asserting infringement, and unreasonable delay in prosecuting the '868, '533, '304, and '475 Patents from their priority date to issue date support a defense of laches and patent misuse.

**FIFTH DEFENSE – SUBSTANTIAL NON-INFRINGING USES**

10. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Patents-in-Suit.

**SIXTH DEFENSE – EQUITABLE DOCTRINES**

11. Omni's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, laches, acquiescence, unclean hands, and/or equitable estoppel.

**SEVENTH DEFENSE – PROSECUTION DISCLAIMER**

12. Omni is barred, under the doctrine of prosecution disclaimer, from construing the claims of the Patents-in-Suit in such a way as may cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patents-in-Suit or related patents, or during post-grant proceedings involving the Patents-in-Suit or related patents.

**EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL**

13. Omni's claims of patent infringement under the doctrine of equivalents are barred under the doctrine of prosecution history estoppel.

**NINTH DEFENSE – LICENSE AND/OR EXHAUSTION**

14. Omni's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

**TENTH DEFENSE – ENSNAREMENT**

15. Omni's claims of patent infringement under the doctrine of equivalents are barred under the doctrine of ensnarement.

**ELEVENTH DEFENSE – EXTRATERRITORIALITY**

16. Omni's claims for patent infringement are precluded in whole or in part to the extent that any of the accused functionality or acts are located or performed outside the United States.

**TWELFTH DEFENSE – PROSECUTION LACHES**

17. Upon information and belief, Omni's delay in prosecuting the Patents-in-Suit was unreasonable and inexcusable under the totality of the circumstances, and Oura has suffered prejudice attributable to the delay.

**THIRTEENTH DEFENSE – INEQUITABLE CONDUCT / UNENFORCEABILITY**

18. Upon information and belief, the Patents-in-Suit are unenforceable due to inequitable conduct before the USPTO by Dr. Mohammed Islam, the sole named inventor on each of the Patents-in-Suit, in failing to disclose material prior art.

19. Upon information and belief, a prior art publication co-authored by Dr. Mohammed Islam but never disclosed to the United States Patent and Trademark Office ("USPTO") during prosecution of at least the '533, the '304, and the '475 Patents. Figure 23 of the '533 Patent was published in in an article co-authored by Dr. Mohammed Islam titled "Mid Infrared Absorption Spectroscopy and Differential Damage In Vitro Between Lipids and Proteins by an All Fiber Integrated Supercontinuum Laser," which appeared in Optics and was published on July 10, 2009 (the "withheld article"). Figure 23 of the '533 Patent enumerates the specific supercontinuum laser configurations at the heart of the '533 disclosure, and specifically covered by the claims.

20. Upon information and belief, the withheld article was but for material under *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287–90 (Fed. Cir. 2011) (en banc). In allowing the '533 claims, the examiner stated that the prior art of record does not disclose or reasonably suggest the claimed measurement system comprising the particular combination of semiconductor sources, optical amplifiers, fiber delivery, a nonlinear broadening element, and the specified short-wave infrared output, along with a receiver and other recited components. '533 Patent File History, Office Action (Non-Final) at 11–12 (Reasons for Allowance), https://data.uspto.gov/patent-file-wrapper/search/details/14875709/documents (last accessed

April 29, 2026). Upon information and belief, those findings on novelty and non-suggestion were central to allowance. *See id.*, Notice of Allowability at 5–6 (Reasons for Allowance), , https://data.uspto.gov/patent-file-wrapper/search/details/14875709/documents (last accessed April 29, 2026). The withheld article that Dr. Islam co-authored, which depicts approximately the same block diagram as Figure 23 of the ’533 Patent, would have directly addressed the very configuration that the examiner found missing from the art of record, making it but-for material under *Therasense*.

21. Upon information and belief, the file histories also show why the examiner would not have independently found this non-patent literature and why disclosure was required. In an Office Action on an earlier, related family application (No. 14/108,986), the examiner built rejections and allowability analyses around Dr. Islam’s own prior patent publications (Islam 2006/0268393 and Islam 2012/0239013), not journal literature, which is consistent with typical PTO search constraints. That examiner-driven focus on patent literature shows why an inventor-known journal reference like Dr. Islam’s 2009 Optics article falls squarely within the ambit of the duty of disclosure to supply what the examiner would not readily find on his own.

22. Upon information and belief, the failure to disclose the withheld article to the USPTO was not an innocent oversight. The ’533 IDSs are voluminous and show sophisticated curation of prior art, including extensive non-patent literature of the same type and venue as the withheld article (e.g., Optics letters and other Optics journals), demonstrating both awareness of and facility with disclosing journal publications. Upon information and belief, the pattern recurs in later family members. For example, in the ’484 Patent file history, the applicant filed sweeping IDS updates that even incorporated Apple litigation materials and IPR filings, yet the withheld article still was not disclosed. The examiner then allowed the ’484 claims on an incomplete record

that did not include Dr. Islam's own earlier publication depicting the same system building blocks. Additionally, U.S. Patent No. 9,066,736—another patent related to the same laser technology—was not disclosed in the IDS for the '533 Patent.

23. Dr. Islam is not only the sole named inventor on all Asserted Patents but is also a registered patent agent who has passed the patent bar and teaches a course on patent fundamentals at the University of Michigan. *See, e.g.*, *Management Team*, Omni Sciences Inc., https://www.omnisciinc.com/management.htm (last accessed April 29, 2026); *Mohammed Islam*, University of Michigan, https://islam.engin.umich.edu/videos/ (last accessed April 29, 2026). He thus had knowledge of and familiarity with the duty of candor owed to the USPTO, including the obligation to disclose material prior art during prosecution, and he participated in the prosecution.

**FOURTEENTH DEFENSE – ON-SALE BAR / PUBLIC USE**

24. Upon information and belief, the Patents-in-Suit are invalid under 35 U.S.C. § 102(a)(1) based on the on-sale and public-use bars because a system embodying one or more claims of the Patents-in-Suit was publicly available prior to the filing of each Patent-in-Suit.

**RESERVATION OF ADDITIONAL DEFENSES**

25. Oura reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Oura prays for judgment as follows:

1. A judgment dismissing Omni's Complaint against Oura with prejudice;
2. A judgment and declaration that Oura has not infringed, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit;

3. A judgment and declaration that the Patents-in-Suit are invalid and/or unenforceable;
4. A judgment and declaration that this case is exceptional and an award to Oura of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;
5. A judgment limiting or barring Omni's ability to enforce the Patents-in-Suit in equity; and
6. Judgment awarding Oura such other and further relief as this Court may deem just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Oura respectfully requests a jury trial of all issues triable to a jury in this action.

## OURA'S COUNTERCLAIMS

1. Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to Oura's right to plead additional counterclaims as additional information becomes available, Counterclaim-Plaintiff Oura Health Oy ("Oura") alleges as follows against Counterclaim-Defendant Plaintiff Omni MedSci, Inc. ("Omni").

## THE PARTIES

2. Counterclaim-Plaintiff Oura Health Oy is a Finnish company with its principal place of business at Elektroniikkatie 10, 90590, Oulu, Finland.

3. On information and belief, Counterclaim-Defendant Omni MedSci, Inc. is a corporation organized and existing under the laws of the state of Michigan with a place of business at 1718 Newport Creek Drive, Ann Arbor, Michigan 48103.

## NATURE OF THE ACTION

4. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

5. Oura's action is for declaratory relief arising under the patent laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Omni has filed a Complaint in this action alleging that Oura infringes U.S. Patent Nos. 9,055,868 ("the '868 Patent"), 9,651,533 ("the '533 Patent"), 10,874,304 ("the '304 Patent"), and 12,268,475 ("the '475 Patent") (collectively, "Omni Asserted Patents").

7. Omni has alleged that Oura's products, including but not limited to Oura Ring Gen. 1, Gen. 2, Gen. 3,, and Gen. 4, infringe one or more claims of the Omni Asserted Patents.

8. An actual, substantial, and justiciable controversy exists between the parties concerning whether Oura's products infringe any valid and enforceable claim of the Omni Asserted Patents and whether the Omni Asserted Patents are valid and enforceable.

## JURISDICTION AND VENUE

9. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

10. Jurisdiction and venue for Oura's counterclaims are proper in this Judicial District.

11. This Court has subject matter jurisdiction over Oura's counterclaims regarding the Omni Asserted Patents because these claims arise under the patents laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12. This Court has personal jurisdiction over Omni by virtue of Omni having voluntarily submitted to the jurisdiction of this Court by filing their Complaint in this District and by their systematic and continues contacts with the State of Texas and this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) and because Omni has consented to venue in this District by filing their Complaint in this District.

## COUNTERCLAIM COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '868 PATENT

14. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

15. An actual and justiciable controversy exists between Oura and Omni MedSci as to whether Oura has infringed, is infringing, or will infringe any valid, enforceable claim of U.S. Patent No. 9,055,868.

16. Oura has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid, enforceable claim of the '868 Patent, either literally or under the doctrine of equivalents.

17. Oura is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '868 Patent.

**COUNTERCLAIM COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '533 PATENT**

18. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

19. An actual and justiciable controversy exists between Oura and Omni MedSci as to whether Oura has infringed, is infringing, or will infringe any valid, enforceable claim of U.S. Patent No. 9,651,533.

20. Oura has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid, enforceable claim of the '533 Patent, either literally or under the doctrine of equivalents.

21. Oura is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '533 Patent.

**COUNTERCLAIM COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '304 PATENT**

22. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

23. An actual and justiciable controversy exists between Oura and Omni MedSci as to whether Oura has infringed, is infringing, or will infringe any valid, enforceable claim of U.S. Patent No. 10,874,304.

24. Oura has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid, enforceable claim of the '304 Patent, either literally or under the doctrine of equivalents.

25. Oura is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '304 Patent.

**COUNTERCLAIM COUNT IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '475 PATENT**

26. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

27. An actual and justiciable controversy exists between Oura and Omni MedSci as to whether Oura has infringed, is infringing, or will infringe any valid, enforceable claim of U.S. Patent No. 12,268,475.

28. Oura has not infringed, does not infringe, and will not infringe, either directly or indirectly, any valid, enforceable claim of the '475 Patent, either literally or under the doctrine of equivalents.

29. Oura is entitled to a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '475 Patent.

**COUNTERCLAIM COUNT V: DECLARATORY JUDGMENT OF INVALIDITY OF THE '868 PATENT**

30. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

31. An actual and justiciable controversy exists between Oura and Omni MedSci as to the validity of the claims of U.S. Patent No. 9,055,868.

32. Each and every claim of the '868 Patent asserted against Oura is invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or non-statutory obviousness-type double patenting. Without limitation, the '868 Patent is invalid under the on-sale and public-use bars of 35 U.S.C. § 102(a)(1) because a system embodying one or more claims of the '868 Patent was publicly available and/or sold or offered for sale prior to the filing of the '868 Patent.

33. Oura is entitled to a declaratory judgment that the asserted claims of the ’868 Patent are invalid.

**COUNTERCLAIM COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE ’533 PATENT**

34. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

35. An actual and justiciable controversy exists between Oura and Omni MedSci as to the validity of the claims of U.S. Patent No. 9,651,533.

36. Each and every claim of the ’533 Patent asserted against Oura is invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or non-statutory obviousness-type double patenting. Without limitation, the ’533 Patent is invalid under the on-sale and public-use bars of 35 U.S.C. § 102(a)(1) because a system embodying one or more claims of the ’533 Patent was publicly available and/or sold or offered for sale prior to the filing of the ’533 Patent.

37. Oura is entitled to a declaratory judgment that the asserted claims of the ’533 Patent are invalid.

**COUNTERCLAIM COUNT VII: DECLARATORY JUDGMENT OF INVALIDITY OF THE ’304 PATENT**

38. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

39. An actual and justiciable controversy exists between Oura and Omni MedSci as to the validity of the claims of U.S. Patent No. 10,874,304.

40. Each and every claim of the ’304 Patent asserted against Oura is invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or non-statutory obviousness-type double

patenting. Without limitation, the ’304 Patent is invalid under the on-sale and public-use bars of 35 U.S.C. § 102(a)(1) because a system embodying one or more claims of the ’304 Patent was publicly available and/or sold or offered for sale prior to the filing of the ’304 Patent.

41. Oura is entitled to a declaratory judgment that the asserted claims of the ’304 Patent are invalid.

**COUNTERCLAIM COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY OF THE ’475 PATENT**

42. Oura incorporates by reference each of the foregoing paragraphs of its Answer, Defenses, and Counterclaims as if fully set forth herein.

43. An actual and justiciable controversy exists between Oura and Omni MedSci as to the validity of the claims of U.S. Patent No. 12,268,475.

44. Each and every claim of the ’475 Patent asserted against Oura is invalid for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or non-statutory obviousness-type double patenting. Without limitation, the ’475 Patent is invalid under the on-sale and public-use bars of 35 U.S.C. § 102(a)(1) because a system embodying one or more claims of the ’475 Patent was publicly available and/or sold or offered for sale prior to the filing of the ’475 Patent.

45. Oura is entitled to a declaratory judgment that the asserted claims of the ’475 Patent are invalid.

**PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE, Oura respectfully requests that the Court enter judgment in its favor and against Omni as follows:

1. A judgment in favor of Counterclaim-Plaintiffs and against Omni on each of the claims in Omni’s Complaint;

2. A judgement dismissing Omni's claims in their entirety, with prejudice;
3. A judgment in favor of Counterclaim-Plaintiffs on each of their Counterclaims against Omni;
4. A judgment declaring that Oura has not infringed the '868 Patent;
5. . A judgment declaring that the '868 Patent is invalid;
6. A judgment declaring that Oura has not infringed the '533 Patent;
7. . A judgment declaring that the '533 Patent is invalid;
8. A judgment declaring that Oura has not infringed the '304 Patent;
9. . A judgment declaring that the '304 Patent is invalid;
10. A judgment declaring that Oura has not infringed the '475 Patent;
11. . A judgment declaring that the '475 Patent is invalid;
12. An award of such further relief at law or in equity as the Court deems just and proper;
13. An award of reasonable attorneys' fees, including pursuant to 35 U.S.C. § 285; and
14. Any and all other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Oura respectfully requests a jury trial of all issues triable to a jury in this action.

Dated: April 29, 2026

Respectfully submitted,

*/s/ James A. Fussell, III*

James A. Fussell, III
Jasjit S. Vidwan
Michael L. Lindinger
Tiffany A. Miller

Clark S. Bakewell
Julia Haines
Amanda E. Stephenson
Angeline L. Premraj
Paul Choi
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel: 202-263-3000
jfussell@mayerbrown.com
jvidwan@mayerbrown.com
mlindinger@mayerbrown.com
tmiller@mayerbrown.com
cbakewell@mayerbrown.com
jhaines@mayerbrown.com
astephenson@mayerbrown.com
apremraj@mayerbrown.com
pchoi@mayerbrown.com
Oura-Omni@mayerbrown.com

Robert G. Pluta
Nicholas H. Ciulla
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-701-8641
rpluta@mayerbrown.com
nciulla@mayerbrown.com
Oura-Omni@mayerbrown.com

Shaun William Hassett
SBN: 24074372
**POTTER MINTON, PC**
102 North College, Suite 900
Tyler, TX 75702
Tel: 903-525-2272
shaunhassett@potterminton.com

*Counsel for Oura Health Oy*