**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OMNI MEDSCI, INC.,<br>*Plaintiff,*<br>v.<br>OURA HEALTH OY,<br>*Defendant.* | Civil No. No. 2:26-cv-00289-JRG-RSP<br>JURY TRIAL DEMANDED |

**OURA HEALTH OY'S MOTION FOR LEAVE TO JOIN RELATED MOTION**

Defendant Ōura Health Oy ("Oura") Respectfully moves for leave to join in and adopt the arguments made in the Fossil Defendants' Motion for Summary Judgment of Subject Matter Ineligibility, Dkt. No. 237, filed in C.A. No. 2:24-CV-01070 (the "Related Motion"). The Related Motion presents an argument that applies equally to the issues before the Court in this action. Permitting Oura to join in that motion will promote judicial economy, avoid duplicative briefing, and assist the Court in resolving common issues efficiently.

Oura does not seek to evade or enlarge the Court's page limits through improper incorporation by reference. Rather, because the Related Motion already addresses the relevant argument in full, Oura seeks the Court's permission to join in that argument for the limited purpose of preserving and presenting the same issues in this action and in consideration of the fact that Oura has been severed. Without leave, Oura would be required either to repeat the same argument in a separate filing or omit an argument that is directly applicable here, neither of which would serve the interests of efficiency or orderly case management.

Good cause exists for the requested relief. The Related Motion concerns the subject matter eligibility of two of the patents-in-suit in this matter, and the arguments apply equally regardless of defendant. The relevant facts and legal issues substantially overlap with those presented in this action, and Oura's joinder would not prejudice any party. To the contrary, granting leave would reduce unnecessary duplication and allow the Court to consider the shared argument in a coordinated and efficient manner.

Accordingly, Oura respectfully requests that the Court enter an order granting leave for Oura to join in and adopt the arguments set forth in the Related Motion. In the alternative, to the extent the Court determines that joinder is not the appropriate procedure, Oura respectfully requests leave to file a supplemental motion addressing the same argument notwithstanding the otherwise applicable page limitations.

Dated: May 14, 2026

Respectfully submitted,

*/s/ Jasjit S. Vidwan*

James A. Fussell, III
Jasjit S. Vidwan
Michael L. Lindinger
Tiffany A. Miller
Clark S. Bakewell
Julia Haines
Amanda E. Stephenson
Matthew Stanford
Angeline L. Premraj
Paul Choi
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel: 202-263-3000
jfussell@mayerbrown.com
jvidwan@mayerbrown.com
mlindinger@mayerbrown.com
tmiller@mayerbrown.com
cbakewell@mayerbrown.com
jhaines@mayerbrown.com
astephenson@mayerbrown.com
mstanford@mayerbrown.com
apremraj@mayerbrown.com
pchoi@mayerbrown.com
Oura-Omni@mayerbrown.com

Robert G. Pluta
Nicholas H. Ciulla
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-701-8641
rpluta@mayerbrown.com
nciulla@mayerbrown.com
Oura-Omni@mayerbrown.com

Shaun William Hassett
SBN: 24074372
**POTTER MINTON, PC**
102 North College, Suite 900
Tyler, TX 75702
Tel: 903-525-2272
shaunhassett@potterminton.com

*Counsel for Oura Health Oy*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of May, 2026, via electronic mail.

*/s/ Clark S. Bakewell*
Clark S. Bakewell