[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

OMNI MEDSCI, INC.,

*Plaintiff,*

v.

OURA HEALTH OY,

*Defendant*.

Civil No. No. 2:26-cv-00289-JRG-RSP

**JURY TRIAL DEMANDED**

[redacted]

**OURA HEALTH OY'S MOTION FOR SUMMARY JUDGMENT REGARDING TEMPORAL LIMITS ON ALLEGED INFRINGEMENT**

[redacted]

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ..... 1

III. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ..... 3

IV. LEGAL STANDARDS ..... 3

V. ARGUMENT ..... 4

A. The Asserted ’868 Patent Claims, If Infringed At All, Could Not Have Been Infringed Outside April 20, 2023 to August 29, 2023 ..... 4

1. The ’868 Patent expired on August 29, 2023 ..... 4

2. Claims 7 and 9 of the ’868 Patent cannot be infringed before April 20, 2023 because the accused Chronotype feature was not implemented before that time ..... 5

3. Oura’s VO2 Max feature was released after the ’868 Patent expired and cannot support infringement ..... 6

B. Claim 12 of the ’533 Patent and Claim 13 of the ’304 Patent Cannot Be Infringed Before June 25, 2025 Because the Accused Firmware Was Not Yet Released ..... 6

VI. CONCLUSION ..... 7

[redacted]

## TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Astrazeneca AB v. Apotex Corp.*,
782 F.3d 1324 (Fed. Cir. 2015)....4, 5, 6

*Cummins-Allison Corp. v. Glory Ltd.*,
No. 2:03-CV-358, 2005 WL 3408029 (E.D. Tex. Dec. 12, 2005) ....4

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
49 F.3d 1551 (Fed. Cir. 1995)....4

*Laitram Corp. v. Rexnord, Inc.*,
939 F.2d 1533 (Fed. Cir. 1991)....4

*PC Connector Solutions LLC v. SmartDisk Corp.*,
406 F.3d 1359 (Fed. Cir. 2005)....3

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
247 F.3d 1316 (Fed. Cir. 2001)....3

**Statutes**

35 U.S.C. §§ 120....5

35 U.S.C. § 154(a)(2)....5

[redacted]

## I. INTRODUCTION

Defendant Oura Health Oy ("Oura") respectfully moves for summary judgment regarding the temporal limits on alleged infringement by Oura of certain claims of U.S. Patent Nos. 9,055,868 ("the '868 Patent"), 9,651,533 ("the '533 Patent"), and 10,874,304 ("the '304 Patent"). For the claims at issue in this motion, the undisputed evidence fixes the relevant time periods: the functionality that Plaintiff Omni MedSci, Inc.'s ("Omni") technical expert, Dr. Christopher Daft, accuses of meeting the relevant limitation was implemented in the accused Oura products after specific dates, yet Omni's maintains that damages are owed prior to implementation. Oura is therefore entitled to summary judgment of no infringement before those dates. In addition, the '868 Patent expired on August 29, 2023, so no alleged conduct after that date can infringe the '868 Patent.

Accordingly, Oura moves for summary judgment of (1) no infringement of claims 7 and 9 of the '868 Patent before April 20, 2023 and after August 29, 2023, and (2) no infringement of claim 12 of the '533 Patent and claim 13 of the '304 Patent before June 25, 2025.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Omni has accused Oura of infringing claims 7 and 9 of the '868 Patent. *See* Ex. 1[1] (Corrected Infringement Report of Dr. Christopher Daft), ¶ 47. The '868 Patent was filed on September 2, 2014, claimed priority to at least U.S. Patent Application No. 10/652,276, filed on August 29, 2003, and therefore expired on August 29, 2023. *See* Ex. 2 ('868 Patent), pages 1-2.

[1] All references to "Ex. __" refer to exhibits to the Declaration of Amanda E. Stephenson, submitted concurrently herewith.

[redacted]

Claim 7 of the ’868 Patent (and therefore claim 9, which depends on claim 7) requires “control logic at the host to process at least the portion of the wireless data to generate a status of the user.” Ex. 2, Claim 7.

[redacted]

Oura’s Chronotype function was released on April 20, 2023. Ex. 3 (OURA_0421398) at 398. Oura’s VO2 Max function (“Cardio Capacity”) was not released until May, 2024. Ex. 4 (OURA_0421402) at 402.

Omni has also accused Oura’s Generation 4 ring of infringing claim 12 of the ’533 Patent and claim 13 of the ’304 Patent. Ex. 1, ¶ 47; Ex. 12 (Werber Email Correspondence dated May 13, 2026) at 1. Unasserted claim 5 of the ’533 Patent (on which asserted claim 12 depends) and asserted claim 13 of the ’304 Patent each require that the pulse rate of the LEDs of the accused products increase to increase a signal to noise ratio. *See* Ex. 5 (’533 Patent) at cl. 5 (“the light source configured to increase signal-to-noise ratio by…increasing a pulse rate of at least one of the plurality of semiconductor sources”); Ex. 6 (’304 Patent) at cl. 13 (“wherein the light source is configured to further increase the signal-to-noise ratio by increasing a pulse rate of at least one of the plurality of semiconductor sources from an initial non-zero pulse rate”).

Prior to June 25, 2025, [redacted]

[redacted]

## III. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Oura respectfully asks the Court to decide the following issues:

1. Whether claims 7 and 9 of the ’868 Patent can be infringed by any conduct after the ’868 patent expired on August 29, 2023.

2. Whether claims 7 and 9 of the ’868 Patent can be infringed based on Oura’s Chronotype feature before that feature was released on April 20, 2023.

3. Whether claims 7 and 9 of the ’868 Patent can be infringed based on Oura’s VO2 Max feature when that feature was released after the ’868 Patent expired.

4. Whether claim 12 of the ’533 Patent or claim 13 of the ’304 Patent can be infringed before the functionality that Dr. Daft relies on was released on June 25, 2025.

## IV. LEGAL STANDARDS

“Summary judgment on the issue of infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents.” *PC Connector Solutions LLC v. SmartDisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005); *see also Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001) (“Summary judgment of

[redacted]

noninfringement is appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, since such failure will render all other facts immaterial."). To prove patent infringement, a patentee must establish by a preponderance of the evidence that the accused product meets each and every limitation of an asserted claim. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). Accordingly, "the absence of a single claim limitation from the accused product precludes literal infringement." *Cummins-Allison Corp. v. Glory Ltd.*, No. 2:03-CV-358, 2005 WL 3408029, at *2 (E.D. Tex. Dec. 12, 2005) (citing *Wolverine World Wide Inc. v. Nike, Inc.*, 38 F.3d 1192, 1196 (Fed. Cir. 1994)).

Infringement is subject to temporal limitations that are dispositive here. First, a party cannot infringe an expired patent. *See Astrazeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015) ("We have long held that there can be no infringement once the patent expires, because the rights flowing from a patent exist only for the term of the patent.") (citations omitted). Second, products sold before the features accused of meeting the asserted claim limitations were implemented lack those features, and accordingly do not infringe on the basis of features implemented at a later time. *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1555 (Fed. Cir. 1995) ("a device does not infringe simply because it is possible to alter it in a way that would satisfy all the limitations of a patent claim").

## V. ARGUMENT

### A. The Asserted '868 Patent Claims, If Infringed At All, Could Not Have Been Infringed Outside April 20, 2023 to August 29, 2023

#### *1. The '868 Patent expired on August 29, 2023*

Omni asserts only claims 7 and 9 of the '868 Patent. The '868 Patent was filed on September 2, 2014, and claimed priority to at least U.S. Patent Application No. 10/652,276, filed on August 29, 2003. Ex. 2, pages 1-2. If an "application contains a specific reference to an earlier

[redacted]

filed application or applications under section 120, 121, 365(c), or 386(c)," any resulting patent expires 20 years "from the date on which the earliest such application was filed." 35 U.S.C. § 154(a)(2). The '868 Patent's claim of priority to, *inter alia*, U.S. Patent Application No. 10/652,276 was made pursuant to 35 U.S.C. §§ 120 and/or 121. Ex. 2, pages 1-2. Accordingly, the claims of the '868 Patent expire on August 29, 2023.

A party cannot infringe an expired patent. *See Astrazeneca*, 782 F.3d at 1343. Thus, no accused conduct after August 29, 2023 can infringe the '868 Patent.

*2. Claims 7 and 9 of the '868 Patent cannot be infringed before April 20, 2023 because the accused Chronotype feature was not implemented before that time*

Claim 7 of the '868 Patent (on which claim 9 depends) requires "control logic at the host to process at least the portion of the wireless data to generate a status of the user." Ex. 2, Claim 7. [redacted] *See* Ex. 1, ¶¶ 625-639.

The undisputed evidence establishes that Oura's accused Chronotype feature was not released until April 20, 2023. *See* Ex. 3 (April 20, 2023 announcement that "Oura members now have access to their Chronotype"); *see also* Ex. 11 (Noninfringement Report of Dr. Majid Sarrafzadeh), ¶ 141. Dr. Daft offers no opinion to the contrary, and there is no evidence to the contrary. Because Omni's Chronotype theory depends on a feature that did not yet exist before April 20, 2023, no reasonable jury could find infringement based on Chronotype before that date. And because the '868 Patent expired on August 29, 2023, Chronotype cannot support infringement after that date.

[redacted]

*3. Oura's VO2 Max feature was released after the '868 Patent expired and cannot support infringement*

[redacted]. *See* Ex. 1, ¶ 628.

But the undisputed evidence establishes that Oura's accused VO2 Max function ("Cardio Capacity") was not released until May, 2024, well after the August 29, 2023 expiration of the claims of the '868 Patent. *See* Ex. 4; *see also* Ex. 11, ¶ 141. Dr. Daft offers no opinion to the contrary, and there is no evidence to the contrary. "[T]here can be no infringement once the patent expires." *Astrazeneca*, 782 F.3d at 1343. Accordingly, Oura is entitled to summary judgment of no infringement based on the accused VO2 Max function, and the only possible window for alleged infringement remains April 20, 2023 to August 29, 2023 (based on the Chronotype function).

**B. Claim 12 of the '533 Patent and Claim 13 of the '304 Patent Cannot Be Infringed Before June 25, 2025 Because the Accused Firmware Was Not Yet Released**

Unasserted claim 5 of the '533 Patent (on which asserted claim 12 depends) and asserted claim 13 of the '304 Patent each require that the pulse rate of the LEDs of the accused products increase to increase a signal to noise ratio. *See* Ex. 5 at cl. 5 ("the light source configured to increase signal-to-noise ratio by…increasing a pulse rate of at least one of the plurality of semiconductor sources"); Ex. 6 at cl. 13 ("wherein the light source is configured to further increase the signal-to-noise ratio by increasing a pulse rate of at least one of the plurality of semiconductor sources from an initial non-zero pulse rate").

To allegedly meet these claim limitations, Dr. Daft relies on [redacted]. *See* Ex. 1, ¶¶ 540–563.

[redacted]

But prior to June 25, 2025, [redacted]. Firmware version 2.5.3 was released on June 25, 2025. *See* Ex. 10 at 419. Before that release, [redacted].

Thus, even accepting Dr. Daft's theory for purposes of this motion, the earliest possible date of alleged infringement of claim 12 of the '533 Patent and claim 13 of the '304 Patent, is June 25, 2025. Summary judgment of noninfringement before that date should be granted.

## VI. CONCLUSION

For the foregoing reasons, Oura respectfully requests that the Court grant summary judgment of non-infringement on each of the temporal grounds set forth above.

[redacted]

Dated: May 14, 2026

Respectfully submitted,

*/s/ Jasjit S. Vidwan*
James A. Fussell, III
Jasjit S. Vidwan
Michael L. Lindinger
Tiffany A. Miller
Clark S. Bakewell
Julia Haines
Amanda E. Stephenson
Matthew Stanford
Angeline L. Premraj
Paul Choi
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel: 202-263-3000
jfussell@mayerbrown.com
jvidwan@mayerbrown.com
mlindinger@mayerbrown.com
tmiller@mayerbrown.com
cbakewell@mayerbrown.com
jhaines@mayerbrown.com
astephenson@mayerbrown.com
mstanford@mayerbrown.com
apremraj@mayerbrown.com
pchoi@mayerbrown.com
Oura-Omni@mayerbrown.com

Robert G. Pluta
Nicholas H. Ciulla
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-701-8641
rpluta@mayerbrown.com
nciulla@mayerbrown.com
Oura-Omni@mayerbrown.com

Shaun William Hassett
SBN: 24074372
**POTTER MINTON, PC**
102 North College, Suite 900
Tyler, TX 75702
Tel: 903-525-2272
shaunhassett@potterminton.com

[redacted]

*Counsel for Oura Health Oy*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of May, 2026, via electronic mail.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

[redacted]

[redacted]

[redacted]