[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

OMNI MEDSCI, INC.,

*Plaintiff*,

v.

OURA HEALTH OY,

*Defendant*.

Civil No. No. 2:26-cv-00289-JRG-RSP

JURY TRIAL DEMANDED

**OURA HEALTH OY'S MOTION FOR SUMMARY JUDGMENT TO EXCLUDE FOREIGN SALES FROM PLAINTIFF'S ASSERTED DAMAGES**

[redacted]

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1
II. STATEMENT OF UNDISPUTED MATERIAL FACTS .......... 2
III. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .......... 3
IV. LEGAL STANDARDS .......... 3
V. ARGUMENT .......... 4
VI. CONCLUSION .......... 7

[redacted]

## I. INTRODUCTION

Defendant Ōura Health Oy ("Oura") respectfully requests summary judgment that Omni MedSci, Inc. ("Omni") is not entitled to recover damages based on Oura's sales outside the United States. Omni bears the burden to prove a legally sufficient causal nexus between domestic infringement and any foreign sales, but its pleadings, infringement contentions, and expert record do not make that showing. Omni's complaint and P.R. 3-1 contentions accuse domestic acts—making, using, selling, offering to sell, and importing Oura Ring products, associated apps, and cloud functionality in the United States—not foreign sales as independent acts of infringement. *See* Dkt. 3 ¶¶ 1, 4, 70–72, 74, 78, 89–90, 101; Ex. A[1] (P.R. 3-1 contentions for '868 Patent) at 1–2; Ex. B (P.R. 3-1 contentions for '533 Patent) at 1–2; Ex. C (P.R. 3-1 contentions for '304 Patent) at 1–2; Ex. D (P.R. 3-1 contentions for '475 Patent) at 1.

Nor does Omni's damages report fill the gap. Mr. Chandler calculated [redacted] on worldwide Oura hardware and subscription revenue only after assuming, based on counsel's instruction, that "all Oura sales maintain a sufficient U.S. nexus"; he separately calculated [redacted] on U.S. sales only. Ex. E (Chandler Rpt.), ¶¶ 615–17. Further, Mr. Chander admitted at deposition that he offers no opinion that Omni is entitled to worldwide damages or any basis for such entitlement. Ex. F (Chandler Dep. Tr.) at 438:5–19.

Because Omni has not identified evidence that domestic infringement enabled, caused, or was necessary to obtain Oura's non-U.S. sales, the Court should enter summary judgment excluding all foreign sales from Omni's damages case.[2]

---

[1] All references to "Ex. __" refer to exhibits to the Declaration of Amanda E. Stephenson, submitted concurrently herewith.

[2] This Motion largely tracks the argument and authority as set forth in Samsung's similar motion in C.A. No. 2:24-CV-01070, Dkt. No. 222.

[redacted]

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Omni alleges that Oura Ring Gen 2, Gen 3, and Gen 4 products, together with the Oura App and Oura Cloud, infringe four U.S. patents: U.S. Patent Nos. 12,268,475; 9,055,868; 9,651,533; and 10,874,304. Omni's complaint alleges domestic acts under § 271, including making and using systems within the United States and making, using, selling, offering to sell, and/or importing Oura Ring wearable devices within the United States and this District. Dkt. 3, ¶¶ 70–72, 74, 78, 89–90, 101.

2. Omni's operative complaint does not allege that Oura's foreign sales constitute independently infringing acts; its infringement allegations are framed around Oura's U.S. conduct and sales "throughout the United States." Dkt. 3 ¶¶ 1, 4, 74, 78, 89–90, 101.

3. Omni's P.R. 3-1 charts likewise accuse Oura of making, using, offering to sell, selling, and/or importing accused systems or devices in the United States, and they identify Oura Ring products, mobile devices, and Oura Cloud as representative accused systems; they do not identify foreign sales as independently infringing acts. Ex. A 1–2; Ex. B at 1–2; Ex. C at 1–2; Ex. D at 1.

4. Omni's response to Defendants' Common Interrogatory No. 8 does not identify facts showing that any domestic act by Oura caused or is causally linked to Oura's non-U.S. sales. *See* Ex. G at 34–56.

5. The only foreign-sales disclosure in Omni's damages interrogatory response states that its damages expert "may further consider" worldwide sales that are the proximate result of substantial U.S. infringing activities, but the response does not identify any evidence that Oura's foreign sales were enabled by, caused by, or dependent on any domestic act of alleged infringement. *Id.* at 46.

[redacted]

6. Omni's infringement expert, Dr. Christopher Daft, does not offer a foreign-sales infringement theory. For Oura, his direct-infringement discussion addresses alleged domestic employee use and U.S. research use only, and even then did not identify what any such U.S. testing or research entailed or quantify any such use. Ex. H (Daft Rpt.), ¶¶ 1520–22.

7. Omni's damages expert, Mr. Chandler, calculated worldwide damages of [redacted], but only after assuming that "all Oura sales maintain a sufficient U.S. nexus" based on discussions with counsel. Ex. E (Chandler Rpt.), ¶¶ 615–16.

8. Mr. Chandler also calculated U.S.-only damages of [redacted], confirming that a U.S.-only damages calculation was available without including foreign sales. *Id.*, ¶ 617.

9. Mr. Chandler admitted at deposition that he was asked by counsel to calculate worldwide damages and that he has no opinion in his report that Omni is entitled to worldwide damages or any basis for arguing such entitlement. Ex. F (Chandler Dep. Tr.) at 438:5–19.

10. Mr. Chandler's worldwide figure is not based on Oura-produced worldwide revenue. Instead, he states that Oura did not provide worldwide ring revenue and that he adjusted U.S. ring and subscription revenue by a U.S.-to-worldwide unit-sales ratio, further showing that his worldwide figure is a calculation—not a causation opinion tying foreign revenue to domestic infringement. Ex. E (Chandler Rpt.), ¶ 616; Ex. I (Chandler Rpt. Ex. 9D) at n.3.

## III. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether Oura is entitled to summary judgment of no damages from foreign sales because Omni cannot meet its burden to prove that it is entitled to recover damages based on Oura's non-U.S. sales.

## IV. LEGAL STANDARDS

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary

[redacted]

judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## V. ARGUMENT

Omni's attempt to include Oura's foreign sales in its damages theory should be rejected as a matter of law. The dispositive evidentiary gap is straightforward: Omni has not identified admissible evidence linking any alleged domestic act by Oura to the non-U.S. sales it seeks to include in damages. Dkt. 3, ¶¶ 70–72, 74, 78, 89–90, 101; Ex. A 1–2; Ex. B at 1–2; Ex. C at 1–2; Ex. D at 1; Ex. E (Chandler Rpt.), ¶¶ 615–17; Ex. F (Chandler Dep. Tr.) 438:5–19.

United States patent law is territorial. "It is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 441 (2007). The Supreme Court has explained that the traditional understanding that United States patent law "operate[s] only domestically and do[es] not extend to foreign activities" is embedded in the Patent Act, which grants exclusive rights within the United States. *Id.* at 455 (citations omitted).

The Federal Circuit has likewise recognized limits on recovering foreign damages for domestic infringement. In *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, the Federal Circuit excluded foreign damages under the then-prevailing approach to damages based on foreign activity. 711 F.3d 1348, 1371–72 (Fed. Cir. 2013). More recently, in *Brumfield, Trustee for Ascent Trust v. IBG LLC*, the Federal Circuit clarified the "minimum requirement" for a patentee seeking reasonable-royalty damages based on foreign conduct that is not independently infringing. *See* 97 F.4th 854, 877 (Fed. Cir. 2024).

*Brumfield* requires more than a bare assertion that foreign sales should be included in a royalty base. If a patentee seeks to increase damages by relying on foreign conduct that is not itself

[redacted]

infringing, the patentee must at least show why that foreign conduct increases the value of the domestic infringement itself, such as by showing that domestic infringement enabled and was needed to enable otherwise unavailable profits from foreign conduct, while still respecting apportionment limits. *Id.* Brumfield affirmed exclusion of a damages opinion where the expert offered "no focused, coherent explanation of the required causal connection to domestic infringement." *Id*. at 880–81.

Omni's foreign-sales theory fails under *Brumfield*. A worldwide-sales calculation is not evidence of entitlement to worldwide-sales damages. Mr. Chandler's report confirms that he merely assumed "all Oura sales maintain a sufficient U.S. nexus" based on discussions with counsel, and his deposition confirms that he does not offer an opinion that Omni is entitled to worldwide damages or any basis for that entitlement. Ex. E (Chandler Rpt.), ¶¶ 615–17; Ex. F (Chandler Dep. Tr.) at 438:5–19. Omni must prove that Oura's alleged domestic infringement caused, enabled, or was necessary to obtain the foreign sales at issue. Because Omni has not made that showing, those sales must be excluded.

Omni cannot bridge that evidentiary gap through general references to Oura's domestic business activities. The complaint alleges that Oura employees used accused products for development, testing, and/or demonstration in the United States, and Dr. Daft's report identifies alleged domestic employee use and U.S. research use; but neither source connects those alleged domestic activities to any foreign sale. Dkt. 3 ¶¶ 74, 78, 89, 101; Ex. H (Daft Rpt.), ¶¶ 1520–22. Evidence that Oura designed, tested, developed, marketed, offered, sold, or supported products in the United States is not enough unless Omni shows that the identified domestic activity was causally linked to the foreign revenue sought. Omni has not identified that evidence.

[redacted]

Nor can Omni rely on expert silence or counsel-driven assumptions. Dr. Daft's Oura-specific infringement opinions identify the accused Oura products and asserted claims, but his direct-infringement discussion at most alleges unspecified U.S. employee and research use rather than any foreign sale or any causal link between U.S. use and foreign sales. Ex. H (Daft Rpt.), ¶¶ 74–77, 104, 1520–22. Mr. Chandler likewise supplies no causal analysis: he assumed a sufficient U.S. nexus, calculated worldwide damages, and then confirmed that he does not opine on Omni's entitlement to worldwide damages. Ex. E (Chandler Rpt.), ¶¶ 615–17; Ex. F (Chandler Dep. Tr.) at 438:5–19. Without that expert support, Omni cannot satisfy its burden at summary judgment.

Recent authority confirms that summary judgment is proper where the record lacks evidence that domestic conduct was necessary to realize foreign profits. In *DivX, LLC v. Amazon.com, Inc.*, the court found summary judgment of no foreign damages appropriate where "there is no evidence that suggests that testing in Seattle was necessary for the realization of foreign profits by the accused products." C.A. No. 1:24-CV-2061-MSN-LRV, 2026 WL 1223103, at *15–16 (E.D. Va. May 4, 2026). That reasoning applies equally here because Omni has not identified evidence that any alleged domestic activity by Oura was necessary to realize Oura's foreign profits.

MicroStrategy also supports exclusion where a plaintiff fails to connect its damages theory to the defendant's allegedly actionable conduct. In *MicroStrategy Inc. v. Business Objects, S.A.*, the Federal Circuit affirmed a related grant of partial summary judgment on damages where the plaintiff did not show during fact discovery "a causal connection between the damages it suffered and the actions of [defendant]." 429 F.3d 1344, 1356–58 (Fed. Cir. 2005). Omni's failure to identify evidence connecting Oura's alleged domestic infringement to foreign sales presents the same failure of proof.

[redacted]

Omni's foreign-sales theory is also deficient because its worldwide number is an extrapolation from U.S. data, not proof of recoverable foreign infringement. Mr. Chandler states that Oura produced worldwide unit sales but not worldwide revenue, so he estimated worldwide revenue by applying a unit-sales ratio to U.S. ring and subscription revenue. Ex. E (Chandler Rpt.), ¶ 616; Ex. I (Chandler Rpt. Ex. 9D) at n.3. That assumption-driven arithmetic does not show that any foreign sale was proximately caused by a domestic act of infringement or that foreign conduct increased the value of any domestic infringement under *Brumfield*.

At bottom, Omni bears the burden to prove damages, including any claimed entitlement to foreign-sales damages. Summary judgment is proper because Omni cannot point to evidence satisfying Brumfield's threshold requirement that foreign conduct increase the value of domestic infringement by being enabled by, and needed to enable, otherwise unavailable foreign profits. The absence of that causal showing is fatal to Omni's foreign-sales theory, and Oura is entitled to summary judgment excluding all foreign sales from Omni's damages case. Ex. E (Chandler Rpt.), ¶¶ 615–17; Ex. F (Chandler Dep. Tr.) at 438:5–19.

## VI. CONCLUSION

For the foregoing reasons, Oura respectfully requests that the Court grant summary judgment of no damages from any foreign sales.

[redacted]

Dated: May 14, 2026

Respectfully submitted,

*/s/ Jasjit S. Vidwan*

James A. Fussell, III
Jasjit S. Vidwan
Michael L. Lindinger
Tiffany A. Miller
Clark S. Bakewell
Julia Haines
Amanda E. Stephenson
Matthew Stanford
Angeline L. Premraj
Paul Choi
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel: 202-263-3000
jfussell@mayerbrown.com
jvidwan@mayerbrown.com
mlindinger@mayerbrown.com
tmiller@mayerbrown.com
cbakewell@mayerbrown.com
jhaines@mayerbrown.com
astephenson@mayerbrown.com
mstanford@mayerbrown.com
apremraj@mayerbrown.com
pchoi@mayerbrown.com
Oura-Omni@mayerbrown.com

Robert G. Pluta
Nicholas H. Ciulla
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-701-8641
rpluta@mayerbrown.com
nciulla@mayerbrown.com
Oura-Omni@mayerbrown.com

Shaun William Hassett
SBN: 24074372
**POTTER MINTON, PC**
102 North College, Suite 900
Tyler, TX 75702
Tel: 903-525-2272
shaunhassett@potterminton.com

[redacted]

*Counsel for Oura Health Oy*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of May, 2026, via electronic mail.

*/s/ Clark S. Bakewell*
Clark S. Bakewell

[redacted]

[redacted]

[redacted]