**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| OMNI MEDSCI, INC.,<br>*Plaintiff*,<br>v.<br>OURA HEALTH OY,<br><br>*Defendant*. | Civil No. No. 2:26-cv-00289-JRG-RSP<br>**JURY TRIAL DEMANDED** |

**OURA'S MOTION TO STAY**
**PENDING *INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION**

**TABLE OF CONTENTS**


**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

A. PROCEDURAL HISTORY .......... 2

B. THE IPR AND EPR PROCEEDINGS .......... 3

C. SIGNIFICANT RESOURCES WILL BE EXPENDED PREPARING THIS CASE FOR TRIAL .......... 4

III. LEGAL STANDARD .......... 5

IV. ARGUMENT .......... 5

A. A STAY WILL SIGNIFICANTLY SIMPLIFY OR ELIMINATE ISSUES IN THIS LITIGATION .......... 5

B. THE STAGE OF THE CASE WEIGHS IN FAVOR OF A STAY .......... 8

C. OMNI WILL NOT SUFFER ANY UNDUE PREJUDICE OR TACTICAL DISADVANTAGE FROM A STAY .......... 9

V. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev. LLC v. Google LLC*,
No. 2:19-cv-00361-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ............................7, 8, 10

*Apple Inc. v. Omni Medsci Inc.*,
IPR2019-00916, (P.T.A.B. Oct. 14, 2020), *aff'd*, No. 2021-1229 (Fed. Cir. June 8, 2022) ..........3

*Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*,
No. 15-cv-781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) ..........8

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017) ..........7

*CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*,
No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ..........7, 9

*EchoStar Techs. Corp. v. TiVo, Inc.*,
No. 05-cv-81 DF, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ..........5

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ..........5

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..........5, 6, 9

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ..........5

*Omni MedSci, Inc. v. Samsung Electronics Co., Ltd. et al*,
Case No. 2:24-CV-01070-JRG-RSP (E.D. Tex.) .......... *passim*

*Omni Medsci, Inc. v. Whoop, Inc.*,
No. 25-140, Dkt. 101 (D. Del. May 18, 2026) (attached as Ex. B) ..........1, 10

*Raytheon Co. v. Samsung Elecs. Co.*,
No. 15-cv-341-JRG-RSP, 2016 WL 11639659 (E.D. Tex. Feb. 22, 2016) ..........9

*Tinnus Enters., LLC v. Telebrands Corp.*,
No. 6:15-cv-551-RC-JDL, 2017 WL 379471 (E.D. Tex. Jan. 24, 2017) ..........9

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
No. 16-cv-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ..........6

*Virtual Agility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....9

*Whoop, Inc. v. Omni Medsci, Inc.*,
PGR2026-00003 (Director May 6, 2026) ....10

**Statutes**

35 U.S.C. § 315....10

35 U.S.C. § 316(a)(11)....4

## I. INTRODUCTION

Defendant Oura Health Oy ("Oura") respectfully moves to stay this case pending *inter partes* review ("IPR") and *ex parte* reexamination ("EPR") for the Asserted Patents.[1]

Prior to the above-captioned case being severed from *Omni MedSci, Inc. v. Samsung Electronics Co., Ltd. et al*, Case No. 2:24-CV-01070-JRG-RSP (E.D. Tex.) (the "-1070 Proceeding"), the Defendants (including Oura) had filed a motion to stay pending *inter partes* review ("IPR") and *ex parte* reexamination ("EPR") for the Asserted Patents (Dkt. 123 from the -1070 Proceeding; attached as Ex. A). That motion to stay remains pending.

The current motion largely follows the pending motion to stay in the -1070 Proceeding, albeit now filed in this severed case. There are, however, several additional developments since that motion was filed that are especially pertinent and further support a stay.

*First*, the proceedings against Oura have been severed. The current case has no scheduling order, no trial date, and while the parties are proceeding to complete summary judgment briefing in accordance with the schedule of the -1070 Proceeding, after these motions are briefed there are no case deadlines scheduled.

*Second*, a pending case in the District of Delaware where Omni asserts the same patents against Whoop, Inc. ("Whoop") was recently stayed pending the results of the pending USPTO proceedings. *Omni Medsci, Inc. v. Whoop, Inc.*, No. 25-140, Dkt. 101, at 21 (D. Del. May 18, 2026) (attached as Ex. B).

The current status of each reexamination proceeding / IPR for each Asserted Patent is summarized below:

---

[1] The "Asserted Patents" are, collectively, U.S. Patent Nos. 9,651,533 (the "'533 Patent"); 10,874,304 (the "'304 Patent"); 12,268,475 (the "'475 Patent"); and U.S. Patent 9,055,868 (the "'868 Patent").

- ’533 Patent, ’304 Patent, and ’475 Patent: IPRs instituted for all asserted claims on February 3, 2026.
- ’868 Patent: EPR request granted as to all asserted claims on February 2, 2026. The ’868 Patent has expired.

A stay of this case at this time would conserve the Court’s and parties’ resources and avoid additional unnecessary burden and cost. The PTAB has already found certain claims of the ’533 Patent unpatentable (including the independent claim on which the asserted claims of the ’533 Patent depend), and Defendants’ IPRs extend the PTAB’s prior analysis of those claims to the remaining asserted claims in the same family. Even if Defendants do not succeed in showing that all asserted claims of all Asserted Patents are invalid, the IPRs and EPR will likely result in invalidity findings for a significant number of asserted claims (if not all of them), thereby narrowing the issues in this case.

A significant amount of work is left to be done by the Court and parties. This case has no Docket Control Order and, thus, no trial date. A stay at this stage would promote efficiency by allowing the IPRs and EPR to be decided before further Court and party resources are expended in this litigation. Omni will suffer no undue prejudice or tactical disadvantage from Oura’s requested stay, as any alleged liability in this action can be fully remedied through monetary relief.

## II. BACKGROUND

### A. PROCEDURAL HISTORY

Omni filed its Original Complaint in the -1070 Proceeding on December 20, 2024 (-1070 Proceeding, Dkt. 1), asserting infringement of five patents.[2] Omni later filed a Second Amended

[2] Omni asserted infringement of the ’868 Patent, ’533 Patent, and ’304 Patent against Oura. Additionally, Omni asserted the following patents against -1070 Proceeding Defendants: U.S. Patent No. 10,517,484 (the “’484 Patent”) and 11,160,455 (the “’455 Patent”).

Complaint on May 19, 2025 (-1070 Proceeding, Dkt. 57), additionally asserting infringement of the ’475 Patent.

On March 31, 2026, the Court adopted the report and recommendation of the Magistrate to sever Oura from the -1070 Proceeding. -1070 Proceeding, Dkt. 163. On April 15, 2026, Omni filed its complaint in the above-captioned severed action, which it referred to as the “Fourth Amended Complaint,” alleging infringement of at least claims 7 and 9 of the ’868 Patent, claims 11 and 12 of the ’533 Patent, claims 12 and 13 of the ’304 Patent, and claims 1, 5-8, and 11–13 of the ’475 Patent. Dkt. 3. After the close of expert discovery in the -1070 Proceeding, Omni dropped claim 11 of the ’533 Patent against Oura. Ex. C (Werber Email). To date, no Docket Control Order has been entered in this action.

**B. THE IPR AND EPR PROCEEDINGS**

All Asserted Patents are in the same family, except for the ’868 Patent. The PTAB also previously found certain claims of the ’533 Patent unpatentable, including independent claim 5, on which the asserted claim 12 depends. *Apple Inc. v. Omni Medsci Inc.*, IPR2019-00916, Paper 39 at 51 (P.T.A.B. Oct. 14, 2020), *aff’d*, No. 2021-1229 (Fed. Cir. June 8, 2022). The PTAB’s finding was affirmed on appeal. *Id.*

Extending the PTAB’s prior analyses finding unpatentable claims of the related ’484 and ’533 Patents, Defendants filed IPR petitions on all asserted claims of the Asserted Patents on August 5, 2025. Given the substantial similarities in the challenged claims (including all asserted claims here) and the already-held-unpatentable claims of the ’484 Patent and ’533 Patent, it was not surprising that the Board instituted those IPRs on February 3, 2026, except for the ’868 Patent (which was denied on discretionary grounds, potentially because it had expired). *See* Ex. D (Notice of Decisions on Institution). In each of these IPR petitions, Oura stipulated that they would not pursue in this litigation “(1) the specific grounds asserted in this IPR or any ground that was raised

or could have been raised in an IPR against the Challenged Claims; or (2) combinations of the prior art asserted in this IPR with any other type of prior art against the Challenged Claims." *See* IPR2025-01250, Paper 1 at 13; IPR2025-01251, Paper 1 at 12; IPR2025-01252, Paper 1 at 13; IPR2025-01253, Paper 1 at 13; IPR2025-01254, Paper 1 at 14.

Final written decisions on the IPRs are due in less than one year—February 3, 2027. *See* 35 U.S.C. § 316(a)(11). Based on the PTAB's current statistics, these decisions are likely to result in a finding that many, if not all, asserted claims are unpatentable. Indeed, in responding to the IPR petitions, Omni has already disclaimed nine claims of the '304 Patent, including claims 11, 14, 19, and 20, which are asserted in the -1070 Proceeding. Ex. E, Ex. F.

The IPR petition for the expired '868 Patent was denied on non-merits, discretionary grounds on December 1, 2025. *See* IPR2025-01249, Paper 16 (P.T.A.B. Dec. 1, 2025). The -1070 Proceeding Defendants and Oura filed an EPR request for the asserted claims of the '868 Patent three weeks later on December 23, 2025, which was granted on February 2, 2026. Ex. G.

In summary, all of the asserted claims in this case have either (1) already been found unpatentable by the USPTO or (2) are currently subject to instituted IPRs or a granted EPR at the USPTO. It is likely that the USPTO will find most, if not all, of the asserted claims unpatentable.

### C. SIGNIFICANT RESOURCES WILL BE EXPENDED PREPARING THIS CASE FOR TRIAL

There is a significant body of work left to be done in this case before it is ready for trial. Beyond ongoing discovery disputes to be presented in a concurrent motion for a scheduling order, summary judgment motions and motions to strike have yet to be ruled on; pre-trial exchanges have yet to occur, motions *in limine* have not been drafted or filed, and the joint pre-trial order has not been drafted. Moreover, there is no scheduling order entered in this case and no trial date. All of these remaining case activities will consume the Court's and the parties' time and resources.

## III. LEGAL STANDARD

District courts have discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of asserted patents: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (citing cases). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 05-cv-81 DF, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006). "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the [c]ourt." *NFC Tech.*, 2015 WL 1069111, at *4 (emphasis added).

## IV. ARGUMENT

All three factors weigh decisively in favor of a stay. A stay will dispose of—or at minimum-significantly simplify—the issues before the Court, will not cause any prejudice to Omni, and will conserve this Court's and the parties' resources.

### A. A STAY WILL SIGNIFICANTLY SIMPLIFY OR ELIMINATE ISSUES IN THIS LITIGATION

A stay is "particularly justified where the outcome of the [PTAB proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [PTAB proceeding], would eliminate the need to try the infringement issue." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (citation omitted); *NFC Tech.*, 2015 WL 1069111, at *1 (same) (citation omitted). "[E]ven if the

PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 16-cv-642-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017). Indeed, "the most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes review* proceeding will result in simplification of the issues before the [c]ourt." *See, e.g.*, *NFC Tech.*, 2015 WL 1069111, at *4. Here, this factor strongly favors a stay.

This is a complicated case and Omni's wide-ranging claims are likely to be significantly simplified, if not disposed of entirely, by the IPRs and EPR. Even though the parties have gone through expert discovery (pending certain issues as set forth in concurrent briefing), the parties will still have to engage in pre-trial exchanges, trial preparation, and trial, which requires a significant amount of time and resources from both parties.

Simplification is especially likely for the '533 Patent. The one remaining asserted claim of the '533 Patent (claim 12) depends from claim 5, which the PTAB found unpatentable in a prior IPR and the Federal Circuit affirmed on appeal. Further simplification is likely because all remaining asserted claims of the '533 Patent and '475 Patent are being challenged in their respective IPRs, which extend the prior PTAB analyses finding unpatentable claims of the '533 Patent.[3] *See* Ex. H; Ex. I

[3] Based on the PTAB's published statistics on IPRs and PGRs for fiscal year 2025, 65% of instituted petitions that reach a final written decision result in the cancellation of all instituted claims, and at least some instituted claims are cancelled in 84% of those cases. *See* Ex. H at 11. Moreover, Samsung, a party to the IPRs, has prevailed more often than the average petitioner with instituted IPR petitions that reach a final written decision: all claims are cancelled in 72% of cases and at least some claims are cancelled in 86% of cases. *See* Ex. I at 1.

Similarly, because the ’868 Patent is already expired, its claims cannot be amended and it is therefore very likely that all asserted claims will be cancelled.[4] *See* Ex. J. Indeed, this Court has recognized that the claims subject to granted EPRs “may also be dropped or canceled completely” such that “there is a serious risk of wasted resources as between both the parties and the Court” absent a stay. *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00361-JRG, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021).

Moreover, even if not all asserted claims are disposed of by the IPRs and EPR, the proceedings will aid in determining the scope of the claims Omni can assert at trial. Omni’s statements in the proceedings may give rise to prosecution disclaimer. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359-60 (Fed. Cir. 2017). Similarly, the PTAB’s final written decisions will provide claim construction analyses to supplement the intrinsic record that the Court could consider in deciding claim construction and liability issues. *See, e.g.*, *CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *10 (E.D. Tex. Feb. 14, 2019) (“[E]ven if the PTAB does not invalidate any of the claims in the pending IPR proceedings, the expertise of the PTAB judges in this field of art is likely to be of considerable assistance to the Court in this complex case.”).

Given the breadth of asserted claims and accused products in this case, any narrowing of the case resulting from the IPRs and EPR will simplify the case and save the Court and the parties significant time and resources. Accordingly, this factor weighs strongly in favor of a stay. *See AGIS Software*, 2021 WL 265424, at *2 (“[W]here the PTAB has instituted IPR proceedings or

[4] In the case of EPRs, the USPTO’s March 2025 statistics show that, for third-party-requested EPRs (as here), all challenged claims are either cancelled or changed 77.1% of the time. *See* Ex. J at 1-2. Because the ’868 patent is expired, claims that would otherwise be changed are likely to be cancelled instead.

the PTO has granted EPR's as to *all claims of all asserted patents*, this Court has likewise routinely stayed cases because the Court does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial.") (emphasis in original).

**B. THE STAGE OF THE CASE WEIGHS IN FAVOR OF A STAY**

The Court severed Oura from the -1070 Proceeding. -1070 Proceeding, Dkt. 163. No Docket Control Order has been entered in this case. Even though the parties have made it through expert discovery, pre-trial exchanges, e.g., motions *in limine*, the joint pre-trial statement, joint proposed jury instructions, verdict form, exhibit lists, witness lists, and deposition designations have not occurred, nor has the Court ruled on numerous motions to strike and for summary judgment that would be narrowed should any claims be found invalid. And, there is no trial date.

A stay at this stage would significantly conserve both judicial and party resources. There are at least thirteen asserted claims across four Asserted Patents. There is no question a stay will streamline and simplify this case for trial before significant additional resources are spent. Every claim invalidated in the PTAB proceeding will remove issues the Court would otherwise need to resolve.

Courts in this district have stayed cases pending IPRs where the district court case was in a similar procedural posture. For example, this Court has even stayed cases pending IPR where the litigation was far closer to trial than the instant case. *See, e.g.*, *Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co*., No. 15-cv-781, 2016 WL 6397269, at *1, *4 (E.D. Tex. Oct. 28, 2016) (granting stay less than four months before trial); *see also, e.g.*, *AGIS Software Dev.*, 2021 WL 465424 at *3 (granting stay pending EPRs after discovery completed and pretrial briefing submitted).

Thus, this factor also weighs strongly in favor of a stay.

### C. OMNI WILL NOT SUFFER ANY UNDUE PREJUDICE OR TACTICAL DISADVANTAGE FROM A STAY

A stay of this case pending the IPRs and EPR will not cause Omni undue prejudice or tactical disadvantage. Courts consistently hold that delay in the proceeding alone does not constitute undue prejudice. Delay is a factor "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech.*, 2015 WL 1069111, at *2; *see also Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JDL, 2017 WL 379471, at *3 (E.D. Tex. Jan. 24, 2017) ("Mere delay in the litigation does not establish undue prejudice." (citation omitted)).

One of the Asserted Patents (the '868 Patent) is now expired, so Omni would be incurring no additional purported harm during a stay. *See, e.g.*, *Raytheon Co. v. Samsung Elecs. Co.*, No. 15-cv-341-JRG-RSP, 2016 WL 11639659, at *1 (E.D. Tex. Feb. 22, 2016) (finding undue prejudice factor favors a stay where "[t]he asserted patent is expired, and thus there is no possibility of continuing harm to [the patent owner] from infringement").

Omni is a non-practicing entity and does not compete with Oura; indeed, although contested by Oura as to at least past sales, Omni asserts in its Fourth Amended Complaint that it and its licensees have "not made, offered for sale, sold, or imported in the United States any products practicing the claims" of the Asserted Patents. Dkt. 3, ¶¶ 27, 37, 48, 58. Courts routinely hold that non-practicing entities do not suffer undue prejudice from a stay because any harm can be fully compensated with monetary damages. *See, e.g.*, *CyWee Grp.*, 2019 WL 11023976, at *4. As such, any purported delay "will not diminish the monetary damages to which [Omni] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Virtual Agility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).

In contrast to Omni, Oura will suffer undue prejudice without a stay by incurring the burden of continuing to defend against infringement allegations of the remaining asserted claims from the four Asserted Patents, including expending significant time and expense in preparing for and defending itself at trial, when the PTAB and USPTO are likely to invalidate some or all of those claims. In addition, not staying the case when all the Asserted Claims are subject to a USPTO proceeding could result in inconsistent holdings in multiple venues. Without a stay, this case will advance toward trial, and the parties and the Court will continue to invest significant time and resources in preparing the case. *See, e.g.*, *AGIS Software Dev.*, 2021 WL 465424 (recognizing the "significant resources yet to be expended by the parties" after discovery in granting stay).

In fact, a pending case in the District of Delaware where Omni asserts the same patents against Whoop, Inc. ("Whoop") was recently stayed. *Omni Medsci, Inc. v. Whoop, Inc.*, No. 25-140, Dkt. 101, at 21. (D. Del. May 18, 2026) (Ex. B). Whoop filed a petition for post grant review of the '790 Patent ("Whoop '790 PGR"), which was recently instituted on May 6, 2026. *See* Ex. K, *Whoop, Inc. v. Omni Medsci, Inc.*, PGR2026-00003, Paper 14 (Director May 6, 2026). Omni asserts the same four patents against Whoop in the District of Delaware as it asserts against Oura in this case.[5] *Omni Medsci, Inc. v. Whoop, Inc.*, No. 25-140, Dkt. 101, at 1 (D. Del. May 18, 2026). The District of Delaware case is now stayed, conditioned upon Whoop's agreement to be bound by any estoppel arising from the -1070 Proceeding Defendants' and Oura's IPRs. Ex. B at 21.[6]

[5] To be sure, Omni also asserts the '790 Patent, '484 Patent, and '455 Patent, which are not asserted against Oura, but are asserted against the -1070 Proceeding Defendants.

[6] Even though the '790 Patent is not at issue in this proceeding, Oura has agreed to be bound by the impact of any estoppel arising from a final written decision on Whoop's '790 PGR to the full extent of 35 U.S.C. § 315, such that Defendants would be estopped to the same extent as Whoop, if the Court grants the Renewed Motion to Stay the case in the -1070 Proceeding and maintains that stay until the conclusion of Defendants' instituted IPRs and EPR, and Whoop's '790 PGR. -1070 Proceeding Dkt. 244 at 2.

## V. CONCLUSION

For reasons set forth herein, Defendants respectfully request that this Court stay the case until the PTAB issues its rulings regarding Oura's IPRs and EPR for the Asserted Patents.

Dated: May 28, 2026

Respectfully submitted,

*/s/ James A. Fussell, III*

James A. Fussell, III
Jasjit S. Vidwan
Michael L. Lindinger
Tiffany A. Miller
Clark S. Bakewell
Julia Haines
Amanda E. Stephenson
Matthew Stanford
Angeline L. Premraj
Paul Choi
**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006-1101
Tel: 202-263-3000
jfussell@mayerbrown.com
jvidwan@mayerbrown.com
mlindinger@mayerbrown.com
tmiller@mayerbrown.com
cbakewell@mayerbrown.com
jhaines@mayerbrown.com
astephenson@mayerbrown.com
mstanford@mayerbrown.com
apremraj@mayerbrown.com
pchoi@mayerbrown.com
Oura-Omni@mayerbrown.com

Robert G. Pluta
Nicholas H. Ciulla
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel: 312-701-8641
rpluta@mayerbrown.com
nciulla@mayerbrown.com
Oura-Omni@mayerbrown.com

Shaun William Hassett
SBN: 24074372
**POTTER MINTON, PC**
102 North College, Suite 900
Tyler, TX 75702
Tel: 903-525-2272
shaunhassett@potterminton.com

*Counsel for Oura Health Oy*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for Oura met and conferred with counsel for Omni. On May 27, 2026, counsel for Oura, spoke by telephone with counsel for Omni. The parties could not reach agreement as to a stay of the litigation at this time. Omni's counsel confirmed that Omni opposes the relief sought by this Motion. Thus, this issue has come to an impasse requiring the Court's intervention.

By: */s/ James A. Fussell, III*
James A. Fussell, III

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 28th day of May, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ James A. Fussell, III*
James A. Fussell, III