**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **OMNI MEDSCI, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **No. 2:26-cv-00289-JRG-RSP** |
| | § | |
| **v.** | § | |
| | § | |
| **ŌURA HEALTH OY,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | | |

**PLAINTIFF OMNI MEDSCI, INC.'S OPPOSITION**
**TO OURA'S MOTION TO STAY**
**PENDING *INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION**

## Table of Contents


Page

I. INTRODUCTION .... 1

II. BACKGROUND .... 3

A. This Litigation .... 3

B. Post-Grant Proceedings .... 4

III. LEGAL STANDARD .... 5

IV. ARGUMENT .... 5

A. The Stage of the Case Weighs Against a Stay .... 5

B. Oura's Delay in Filing the IPRs, and its Non-Participation in the EPR, Disfavor a Stay .... 7

C. A Stay Would Unduly Prejudice Omni .... 8

D. There is No Showing of Likely Simplification of the Issues .... 11

V. CONCLUSION .... 15

# TABLE OF AUTHORITIES

## CASES

*AGIS Software Dev. LLC v. Google LLC,*
No. 2:19-cv-00361-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021)..........................7, 15

*Agis Software Dev. LLC v. Google LLC,*
No. 2:19-CV-00359-JRG, 2022 WL 538967 (E.D. Tex. Jan. 28, 2022).............................7

*Allure Energy, Inc. v. Nest Labs, Inc.,*
No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) .......................................6

*Ambato Media, LLC v. Clarion Co.,*
No. 2:09-CV-242-JRG, 2012 WL 194172 (E.D. Tex. Jan. 23, 2012).................................9

*Anascape, Ltd. v. Microsoft Corp.,*
475 F. Supp. 2d 612 (E.D. Tex. 2007)...................................................................................6

*Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.,*
No. 6:15-CV-781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016).......................................7

*Chrimar Sys. Inc. v. Adtran, Inc.,*
No. 6:15-cv-618-JRG-JDL, 2016 WL 9225575 (E.D. Tex. Dec. 9, 2016)........................13

*Daingean Tech. Ltd. v. T-Mobile USA, Inc.,*
No. 2:23-cv-00347-JRG-RSP, Dkt. 439 (E.D. Tex. July 2, 2025).....................................12

*FlatFrog Lab'ys, AB v. Chemtronics Co.,*
No. 2:23-CV-0306-JRG-RSP, 2024 WL 3014621 (E.D. Tex. June 14, 2024).........5, 11, 14

*Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.,*
No. 2:20-cv-00269-JRG, 2021 WL 12311073 (E.D. Tex. Dec. 10, 2021) ........................12

*Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.,*
No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240 (E.D. Tex. Dec. 11, 2024) ..................10

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.,*
No. 2:17-cv-00662-JRG-RSP, 2018 WL 11363368 (E.D. Tex. Nov. 19, 2018) ................11

*Lionra Techs. Ltd. v. Cisco Sys., Inc.,*
No. 2:24-cv-00097-JRG, 2025 WL 1239317 (E.D. Tex. Apr. 29, 2025).......................8, 13

*Longhorn HD LLC v. NetScout Sys., Inc.*,
No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ....................................7

*Luminanti Networks Ltd. v. NetNut Ltd.*,
No. 220CV00188JRGRSP, 2021 WL 3128654 (E.D. Tex. July 23, 2021)........................11

*Malibu Boats, LLC v. Mastercraft Boat Co., LLC*,
No. 3:15-CV-276-TAV-HBG, 2016 WL 4769353 (E.D. Tenn. Sept. 13, 2016).................14

*Maxell Ltd. v. Apple Inc.*,
No. 5:19-CV-00036-RWS, 2020 WL 10456915 (E.D. Tex. Apr. 27, 2020) ........................8

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
No. 6:13-CV-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)................................14

*Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC Am., Inc.*,
No. 2:14-CV-00690-RSP, 2016 WL 3365855 (E.D. Tex. June 17, 2016) .....................9, 10

*Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*,
No. W-20-cv-00969-ADA, 2022 WL 4240937 (W.D. Tex. Aug. 16, 2022)........................9

*Realtime Data LLC v. Actian Corp.*,
No. 6:15-CV-463-RWS-JDL, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016) .....................8

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
No. 616CV00086RWSJDL, 2017 WL 3712916 (E.D. Tex. Feb. 3, 2017)........................10

*SpeakWare, Inc. v. Microsoft Corp.*,
No. SA CV 18-1293-DOC (DFMX), 2019 WL 13555196 (C.D. Cal. June 21, 2019)......13

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*,
No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018)..........................10

*Tinnus Enters., LLC v. Telebrands Corp.*,
No. 6:16-CV-00033-RWS, 2017 WL 2989201 (E.D. Tex. Apr. 5, 2017), adopted, 2017 WL 2989203 (E.D. Tex. May 30, 2017) ...............................................................13

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
No. 2:16-CV-638-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) .............................14

**FEDERAL STATUTES**

35 U.S.C. § 315(e) .................................................................................................................11

**TABLE OF EXHIBITS**

| Ex. | Description |
|---|---|
| 1 | Order Discretionarily Denying Request for *Inter Partes* Review of U.S. Patent No. 9,055,868, Paper 16, IPR2025-01249 (P.T.A.B. Dec. 1, 2025) |
| 2 | Docket Sheet, *Omni MedSci, Inc. v. Apple Inc.*, No. 25-1646 (Fed. Cir.) (Docket Sheet, Second Federal Circuit Appeal, '484 IPR) |
| 3 | Request For *Ex Parte* Reexamination of U.S. Patent No. 9,055,868, Dated December 23, 2025. |
| 4 | Previous Oura Ring Generations, available at https://support.ouraring.com/hc/en-us/articles/360025570153-Previous-Oura-Ring-Generations |
| 5 | Samsung, Fossil, and Oura's Supplemental Invalidity and Subject Matter Eligibility Contentions Cover Pleading, *Omni MedSci, Inc. v. Samsung Electronics Co. Ltd. et al.*, 2:24-cv-01070-JRG-RSP (E.D. Tex.) (July 18, 2025) |
| 6 | *Daingean Tech. Ltd. v. T-Mobile USA, Inc.*, No. 2:23-cv-00347-JRG-RSP, Dkt. 439, (E.D. Tex.) (July 2, 2025) |
| 7 | *Omni Medsci, Inc. v. Whoop, Inc.,* No. 25-140, Dkt. 101 (D. Del. May 18, 2026) |
| 8 | *Omni Medsci, Inc. v. Whoop, Inc.,* No. 25-140, Dkt. 102 (D. Del. June 1, 2026) |
| 9 | *Omni Medsci, Inc. v. Whoop, Inc.,* No. 25-140, Dkt. 103 (D. Del. June 1, 2026) |

## I. INTRODUCTION

Plaintiff Omni MedSci, Inc. ("Plaintiff" or "Omni") opposes Defendant Oura Health Oy's ("Defendant" or "Oura") Motion to Stay Pending *Inter Partes* Review ("IPR") and *Ex Parte* Reexamination ("EPR"). Dkt. 30, "Motion" or "Mot."

This is Oura's third attempt to stay this case. Its first bid was summarily denied by the Court as premature. *Omni MedSci, Inc. v. Samsung Electronics Co., Ltd. et al*, Case No. 2:24-CV-01070-JRG-RSP (E.D. Tex.) (the "Original Action" or "O.A."), Dkt. 86. In its second attempt, Oura, along with the other defendants then joined in the Original Action,[1] sought to stay the case based on IPR petitions that they delayed filing until *8 months* after the case was filed and an EPR petition that they delayed filing until *an entire year* after the case was filed. O.A., Dkt. 123.

In its opposition, Omni: 1) pointed out the defendants' unjustified delay in filing those petitions; 2) highlighted that the stay defendants sought was open-ended and protracted given the nature of EPR proceedings; 3) demonstrated that Omni, and its founder, would be gravely prejudiced by such an open-ended, multi-year, stay; 4) noted that there would be no meaningful simplification due to the very limited nature of the IPR estoppel, and complete lack of any estoppel whatsoever from the EPR proceeding; and 5) showed that the advanced stage of the case—then, just after the *Markman* hearing—all strongly weighed against a stay. O.A., Dkt. 137.

Oura's instant Motion largely rehashes the same arguments defendants made in their earlier motion but glaringly does not address any of Omni's rebuttals. Oura <u>does not</u> attempt to explain, justify, or even address the delay in filing those IPR and EPR petitions. Oura <u>does not</u>

[1] In addition to Oura, the defendants in the Original Action included Samsung Electronics Co. Ltd. and Samsung Electronics America Inc. (collectively, "Samsung"); Fossil Group, Inc., Fossil Stores I, Inc., and Fossil Partners, L.P. (collectively, "Fossil"); and OnePlus Technology (Shenzhen) Co., Ltd. ("OnePlus"). The Court has severed Oura (O.A., Dkt. 163), Fossil (O.A., Dkt. 310) and OnePlus (*Id.*), leaving only Samsung as the remaining defendant in the Original Action.

dispute that the stay it seeks is open-ended, undefined, and will extend for many years. Oura does not address Omni's demonstration of prejudice and instead repeats its (inaccurate) characterization of Omni as a "non-practicing entity." Mot. at 9. Oura does not rebut Omni's argument that there would be negligible, if any, simplification of the validity issues in this case. And regarding the stage of the case, Oura cannot dispute that the case has advanced significantly since the prior briefing—all the way through fact discovery, expert discovery, and *Daubert*/dispositive motions, to the very eve of trial. Instead, Oura argues that "several additional developments" are "especially pertinent and further support a stay." Mot. at 1.

However, both "additional developments" have evaporated since Oura's Motion was filed. The first such "development" upon which Oura relies is the lack of a trial date or schedule in this case. *Id.* But the Court has since set a Scheduling Conference for July 7, 2026, indicating that a schedule and trial date are forthcoming. June 24, 2026 Order (no docket number). And the second "development" was a stay being entered in the co-pending *WHOOP* case. *Id.* (citing *Omni Medsci, Inc. v. WHOOP, Inc.*, No. 25-140, Dkt. 101, at 21 (D. Del. May 18, 2026)). But that stay has been lifted and the *WHOOP* case is proceeding. *See* O.A., Dkt. 283 (citing *Omni Medsci, Inc. v. WHOOP, Inc*., No. 25-140, Dkt.103 (D. Del. June 1, 2026)).

The Original Action, where only Samsung remains as a defendant, is set to go to trial in just over 7 weeks, on August 17, 2026. O.A., Dkt. 151 (DCO).

And this case, which was fully developed as part of the Original Action, is equally ready for trial. All fact and expert discovery is complete. Expert reports have been exchanged, and the experts have been deposed. Dispositive and *Daubert* motions are fully briefed. And Omni tendered its pretrial disclosures to Oura on the June 1, 2026 deadline set in the Original Action DCO. *See id.* at 2. All that remains to prepare are Motions *in Limine* and the Pretrial Order, Proposed Jury

Instructions, and Proposed Verdict Form, which Omni is already preparing in cooperation with Samsung for the Original Action, and which can largely be repurposed for this case.

A stay was not warranted when the Original Action defendants filed their first motion to stay in August 2025. *See* O.A., Dkt. 86. A stay was not warranted when those defendants, including Oura, renewed their motion to stay in February 2026. *See* O.A., Dkt. 137 (Omni Opposition). And a stay is not warranted now, on the very eve of trial. Oura's Motion should be denied.

## II. BACKGROUND

### A. This Litigation

Omni filed its Complaint in the Original Action on December 20, 2024 (O.A., Dkt. 1), asserting U.S. Patent Nos. 9,055,868 ("'868 Patent"), 9,651,533 ("'533 Patent"), 10,517,484 ("'484 Patent"), 10,874,304 ("'304 Patent"), and 11,160,455 ("'455 Patent"). On March 6, 2025, Omni filed a First Amended Complaint (O.A., Dkt. 25), additionally asserting U.S. Patent No. 12,193,790 ("'790 Patent"). On May 19, 2025, Omni filed a Second Amended Complaint (O.A., Dkt. 57), adding U.S. Patent No. 12,268,475 ("'475 Patent"). On August 12, 2025, Omni filed a Third Amended Complaint (O.A., Dkt. 80) adding detail regarding the infringement allegations.

On March 31, 2026, the Court severed Oura from the Original Action. O.A., Dkt. 163. On April 15, 2026, Omni filed its Complaint in this new severed action, asserting claims 7 and 9 of the '868 Patent, claims 11[2] and 12 of the '533 Patent, claims 12 and 13 of the '304 Patent, and claims 1, 5–8, and 11–13 of the '475 Patent against Oura. Dkt. 3.

Under the DCO governing the Original Action, Omni, Oura, Samsung, Fossil and OnePlus completed fact discovery on March 30, 2026. O.A., Dkt. 151 (DCO) at 4. And though the Court

[2] On May 13, 2026, Omni dropped claim 11 of the '533 Patent against Oura. Dkt. 30-4. Thus, in the four Asserted Patents against Oura, a total of 13 claims are being asserted.

severed Oura from the Original Action on March 31, 2026, Oura continued abiding by that proceeding's DCO. As such, Omni and Oura exchanged expert reports in April of 2026. *See id.* They deposed each other's experts and completed expert discovery in May of 2026. *Id.* They fully briefed dispositive and *Daubert* motions in May and June of 2026. *Id.* at 3-4. And Omni served its Pretrial Disclosures on Oura on June 1, 2026. *Id.* at 3. It was at this point that Oura, who on May 28, 2026 filed a Motion for Entry of a Scheduling Order in this case, (Dkt. 28), ceased complying with the Original Action DCO and refused to tender its own Pretrial Disclosures to Omni.[3]

On June 12, 2026, the Court severed Fossil and OnePlus from the Original Action and into new actions that the Court ordered be opened for each of them. O.A., Dkt. 310. The Court also ordered that the new Fossil and OnePlus actions would be consolidated with the instant action against Oura. On June 24, 2026, the Court issued an Order setting a scheduling conference in this action for July 7, 2026. June 24, 2026 Order (no docket number).

### B. Post-Grant Proceedings

The Defendants in the Original Action filed IPR petitions on August 5, 2025—eight months after that case was filed—challenging certain Asserted Patents. The PTAB instituted review of the '533, '304, and '475 Patents on February 3, 2026 and final written decisions are not due until February 3, 2027—well after the Court's August 2026 trial date in the Original Action. *See, e.g.,* Dkt. 30-5; *see also* Original Action, Dkt. 151. The PTAB denied the IPR petition as to the '868 Patent on discretionary grounds on December 1, 2025. Ex. 1. On December 23, 2025, Samsung, but not Oura, filed a request for an EPR regarding '868 Patent—more than one year after the Original Action was filed—which was granted on February 2, 2026. Dkt. 30-8. As for the '484

[3] In light of the Court's June 24, 2026 Order setting this case for a Scheduling Conference, Oura has withdrawn its Motion for Entry of a Scheduling Order. Dkt. 81.

Patent, while certain claims were found unpatentable in a separate Apple-filed IPR, that decision remains on appeal to the Federal Circuit and is not final. Ex. 2.

## III. LEGAL STANDARD

This Court is familiar with the relevant stay factors. *See FlatFrog Lab'ys, AB v. Chemtronics Co.*, No. 2:23-CV-0306-JRG-RSP, 2024 WL 3014621, at *2 (E.D. Tex. June 14, 2024) (listing three factors: stage of case proceeding, issue simplification, and undue prejudice).

## IV. ARGUMENT

### A. The Stage of the Case Weighs Against a Stay

With great effort by the parties and the Court, this case has progressed past almost all major deadlines and nearly to the trial stage. Claim construction briefing and the *Markman* hearing are complete. *See* O.A., Dkt. 65. The parties have served their initial and supplemental disclosures, exchanged interrogatories, and served responses and objections. *Id.* Discovery has required the expenditure of hundreds of hours by Omni. Omni and Oura have exchanged more than 400,000 pages of documents; Omni has taken more than a dozen fact depositions; and Omni has also spent 9 full days reviewing source code on site. Though Oura was severed from the Original Action on the eve of the fact discovery cutoff, it continued to abide by the DCO governing that action. As such, the parties have completed fact discovery, expert reports and expert depositions. And *Daubert* and dispositive motions are all fully briefed and awaiting disposition. *See* O.A., Dkt. 151 (DCO) at 3-4. The Court has likewise devoted significant resources to this case, including conducting the claim construction hearing and resolving multiple contested motions. This case is therefore well advanced under the schedule established by this Court.

Oura attempts to minimize this by pointing to the absence of a Docket Control Order and trial date in this severed case (Mot. at 8), but on June 24, 2026, the Court set a scheduling conference in this action for July 7, 2026, indicating that a schedule and trial date are forthcoming.

In any event, the relevant inquiry is not whether a trial date has been set; it is whether the Court and the parties have already invested substantial resources and whether the case is on track toward trial. *See Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *2 (E.D. Tex. Apr. 2, 2015). And though the Court has yet to provide the parties with a trial date, it is almost certain to be well in advance of not only the February 2027 decisions in the IPRs, but also the decision in the EPR that is likely *years* away, as explained below. Indeed, even Oura contemplated trial in this case would occur at least as early as November 2026—many months ahead of resolution of the IPRs, and years in advance of the EPR decision—in its now-withdrawn Motion for Entry of a Scheduling Order. Dkt. 28 at 5; *see also* Dkt. 81 (withdrawing the Motion for Entry of a Scheduling Order).

A stay now would not conserve resources—it would undermine the work already completed and delay resolution of claims that are ready for trial. Oura does not seek a short pause pending an imminent PTAB ruling. It asks this Court to halt the case "until the PTAB issues its rulings." Mot. at 11. However, and as Omni pointed out in its opposition to Oura's prior motion to stay, a stay contingent on the EPR is open-ended because EPRs "carry no fixed statutory deadline and can last several years, with an average pendency 25.1 months without appeals." O.A., Dkt. 137 at 9 (citing O.A., Dkt. 123-10 at 2). Oura's failure to respond to, acknowledge, or dispute that the stay it requests is an open-ended, multi-year, affair is fatal to its Motion. *See Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615–16 (E.D. Tex. 2007) (acknowledging data that indicates reexamination may take two to three years, or longer and recognizing that multi-year administrative proceedings weigh against a stay).

Oura's arguments and supporting case law miss the point. Mot. at 8. In *Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 6397269, at *3-4

(E.D. Tex. Oct. 28, 2016), the Court emphasized the fact that the patent dispute between the parties involved only one claim, and that one claim was subject to an instituted IPR. Here, in contrast, 13 claims of 4 patents are being asserted against Oura. This means the chances here of a complete resolution of the patent dispute at the PTAB are much lower than those found in *Armor All/STP*. And this Court has on multiple occasions explained that *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-00361-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) was decided under very peculiar circumstances, namely, an unprecedented global pandemic. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *3 (E.D. Tex. Jan. 6, 2022) ("Both *Ramot* and *AGIS* were decided during the early stages of an unprecedented global pandemic when the Court had suspended all jury trials and other in-person proceedings."); *Agis Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2022 WL 538967, at *2, n. 2 (E.D. Tex. Jan. 28, 2022) ("The Court has since clarified that the circumstance of [*Agis*] at that time were unique and went beyond the mere existence of the EPR proceedings.").

### B. Oura's Delay in Filing the IPRs, and its Non-Participation in the EPR, Disfavor a Stay

As Omni pointed out in opposition to Oura's prior motion to stay, (O.A., Dkt. 137 at 3-4), Oura's unreasonable, *eight-month*, delay in filing for the IPRs weighs heavily against a stay. *See id.* at 3 (citing *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 10456915, at *3 (E.D. Tex. Apr. 27, 2020) (denying stay when Apple filed "its first wave of [IPR] petitions nine months after Maxell filed suit" and "filed its last petition . . . nearly a year after the action was filed")). For three of the Asserted Patents, infringement contentions were served and asserted claims identified on March 12, 2025, five months before the IPR petitions were filed and nine months before the request for the EPR was filed. This Court has previously identified a delay of this kind to justify denying a stay. *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-

JDL, 2016 WL 9340796, at *2 (E.D. Tex. Nov. 29, 2016) (denying stay when the defendants failed to "adequately account[] for the fact that they were in possession of the initial contentions for seven months prior to the IPR filing").

Despite Omni highlighting Oura's unreasonable delay in the prior round of briefing, Oura neither acknowledges nor justifies its delay in its Motion, tacitly conceding that its delay weighs against a stay. Moreover, Oura's non-participation in the EPR, which was filed by Samsung, not Oura, highlights the lack of reliance by Oura on the USPTO proceedings. Ex. 3. Oura did not join in the EPR initiated by Samsung, notwithstanding the joint defense agreement that was in effect when the Defendants were all in the same Original Action. Being a stranger to the EPR, Oura should not be heard to rely on its pendency as support for its motion to stay this action.

### C. A Stay Would Unduly Prejudice Omni

In Oura's prior motion to stay, it sought to minimize the prejudice to Omni by characterizing Omni as a non-practicing entity. O.A., Dkt. 123 at 13. In retort, Omni pointed out that not only is such a characterization irrelevant, *Lionra Techs. Ltd. v. Cisco Sys., Inc.* No. 2:24-cv-00097-JRG, 2025 WL 1239317, at *3 (E.D. Tex. Apr. 29, 2025), but it is incorrect. O.A., Dkt. 137 at 4. Omni went on to explain that it is a technology development company founded by Dr. Mohammad Islam, a decorated University of Michigan professor, and that its purpose is to develop and commercialize—through licensing partnerships with industry partners—optical technology innovations with healthcare and medical applications, the very subject of the Asserted Patents. *Id.* Omni also highlighted the irony of Samsung, along with Oura, characterizing Omni as a "non-practicing entity" when Samsung met with Omni on numerous occasions to discuss Omni's patented advances and potential collaboration, and thereafter misappropriated Omni's patented technologies. *Id.* at 5. Omni then explained how, with this backdrop of willful infringement stifling its business, the open-ended, multi-year, delay that Oura seeks is particularly prejudicial to Omni,

mandating rejection of such a stay. *Id.* (citing *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. W-20-cv-00969-ADA, 2022 WL 4240937, at *2 (W.D. Tex. Aug. 16, 2022) ("placing an asserted patent in limbo for the majority of its remaining life would create a clear tactical disadvantage for plaintiffs") (internal quotations omitted)).

Omni also explained how the protracted delay risks the loss of evidence. *Id.* at 5-6 (citing *Ambato Media, LLC v. Clarion Co.*, No. 2:09-CV-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012) (finding the prejudice factor favors denying a stay because the accused products were discontinued and "[w]hen a product is discontinued, it is likely that some of the responsible engineers and other related employees may leave [], rendering obtaining testimony and evidence from them much more difficult")). This is especially true for Oura, whose earlier product generations have been discontinued or are no longer available for purchase. Ex. 4 at 1-3. Oura's own support materials state that its "previous generation rings and chargers are no longer available for purchase," including Oura Ring Generation 3, Generation 2, and Generation 1. *Id.* Oura further states that customer support and firmware/software updates are no longer supported for Generation 1. *Id*. at 2. Omni is significantly less likely to have access to critical evidence after a multi-year stay during which memories will fade and evidence will become lost. *See Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC Am., Inc.*, No. 2:14-CV-00690-RSP, 2016 WL 3365855, at *2 (E.D. Tex. June 17, 2016) (declining to impose a stay and finding the risk of loss of evidence "carries weight [] because several of the accused products have been discontinued and portion of [Plaintiff's] evidentiary proof are from third-party source code that may no longer be available at the end of a lengthy stay") (internal citations omitted).

Omni also explained in the prior briefing that the requested stay would give Oura a clear tactical advantage. O.A., Dkt. 137 at 7 (citing *Tessera Advanced Techs., Inc. v. Samsung Elecs.*

*Co. Ltd.,* No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018) (this factor looks to "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party")). A stay of the indefinite and extended duration that Oura demands ensures that Dr. Islam will be in his late 60's or early 70's by the time he is able to present his case to the jury, if he is even able to do so at all, granting Oura a massive tactical advantage at trial. Another tactical advantage to Oura that Omni highlighted is that Oura would gain delay and PTAB leverage while still retaining the ability to litigate substantial invalidity issues in this Court. This is because, as Omni explained, Oura's estoppel stipulation in the IPRs is not a full concession of statutory estoppel. *Id.* at 7-8. This Court has consistently cautioned that limited estoppel allows defendants to preserve invalidity defenses for later litigation and creates a risk of duplicative proceedings. *See, e.g.*, *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 616CV00086RWSJDL, 2017 WL 3712916, at *4–5 (E.D. Tex. Feb. 3, 2017).

In its Motion, Oura *ignores all of this*, and regresses to name-calling, once again asserting (incorrectly) that Omni is a "non-practicing entity" whose prejudice deserves no weight or consideration. Mot. at 9. But once again, Oura's failure to meet, or even acknowledge, arguments that Omni made in opposition to Oura's prior motion to stay the case should be taken as a concession that Oura has no rebuttal at all.[4]

Omni, like every other patent plaintiff, has an "interest in the timely vindication of [its] patent rights." *Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00103-JRG-RSP, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024). Even if it were true "that delay in the

---

[4] Oura's argument regarding prejudice to itself if a stay is not imposed misses the mark. Mot. at 10. This factor cares about "whether a stay will unduly prejudice or present a clear tactical disadvantage ***to the nonmoving party***." *Luminanti Networks Ltd. v. NetNut Ltd.*, No. 220CV00188JRGRSP, 2021 WL 3128654, at *2 (E.D. Tex. July 23, 2021) (emphasis added).

proceeding *alone* does not constitute undue prejudice" (Mot. at 9 (emphasis added)), "such a delay should still be considered in determining the extent of undue prejudice." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2018 WL 11363368, at *1 (E.D. Tex. Nov. 19, 2018).

The prejudice Omni would suffer from a multi-year, open-ended, stay mandates that Oura's Motion should be denied. And Oura's failure to address or rebut Omni's arguments on this point, (*see* O.A., Dkt. 137 at 3-7), seals it.

**D. There is No Showing of Likely Simplification of the Issues**

As Omni pointed out in its opposition to Oura's prior motion to stay the case, Oura's stipulation in the IPRs (but not the '868 Patent EPR, where there is no stipulation) is limited to patents and printed publications, and does not prevent it from relying on product/system prior art or §§ 101 and/or 112 invalidity arguments—meaning that overlapping validity disputes will remain in this Court regardless of the outcomes of the IPRs. *Id.* at 7-8 (citing *FlatFrog*, 2024 WL 3014621, at *2 ("[T]his Court is accustomed to how . . . instances [of IPR estoppel] play out in practice and fully anticipates that Defendants will prepare significant alternative invalidity theories mitigating any simplification on account of IPR estoppel.")). And, further undercutting Oura's simplification arguments, the EPR has no statutory or other estoppel.

Oura's hoped-for invalidity contentions confirm that regardless of the post-grant proceedings, it will attempt to pursue extensive invalidity theories at trial. For example, for the '475 Patent alone, Oura asserts invalidity based on a number of alleged prior art systems, patents and printed publications. [5] Ex. 5, 40-42. Oura also asserts lack of written description, lack of

---

[5] Oura, along with the other Defendants in the Original Action, has filed a motion seeking leave to supplement invalidity contentions to assert system prior art. O.A., Dkt. 153. Omni opposes that motion. O.A., Dkt. 168.

enablement, and subject matter ineligibility, none of which can, or will, be resolved in the IPRs. Ex. 5, 245-49.

Omni made these same simplification rebuttals in response to Oura's prior motion to stay. O.A., Dkt. 137 at 7-8. And in its Motion, Oura ignores them. Here, as elsewhere in its Motion, Oura's failure to address Omni's arguments should be taken as tacit agreement with them.

**1. The *Ex Parte* Reexamination is Open Ended and Disfavors a Stay**

As Omni pointed out in the prior briefing, *id.* at 8-9, Oura's reliance on the pending EPR regarding the '868 Patent highlights the lack of merit in the requested stay. Because (1) EPRs carry with them no statutory estoppel effect; (2) the chances of claim cancellation by EPR are low; and (3) EPRs lack a deadline for final resolution, this Court has repeatedly found that EPRs do not justify a stay. *See Daingean Tech. Ltd. v. T-Mobile USA, Inc.*, Dkt. 439, at 2, No. 2:23-cv-00347-JRG-RSP (E.D. Tex.) (July 2, 2025) (denying a request for a stay and citing the foregoing reasons) (attached as Ex. 6). Given that Samsung's EPR request was only recently granted, and no Office Action has issued, a strong case exists for denying a stay. *See Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 2:20-cv-00269-JRG, 2021 WL 12311073, at *1-2 (E.D. Tex. December 10, 2021) (denying motion to stay pending EPR as "premature" because the PTO only "granted Defendants' request [for EPR], finding substantial new questions of patentability as to three grounds" but had not issued an Office Action rejecting any claims).

Unlike IPRs, EPRs carry no fixed statutory deadline and can last several years, with an average pendency 25.1 months without appeals. Dkt. 30-11, at 2. The fact that approximately 92% of EPR requests are granted means a case might be stayed whenever a request is filed, with no defined endpoint. Dkt. 30-11, at 1. Oura asks this Court to stay this case "until the PTAB issues its

rulings regarding Oura's IPRs and EPR for the Asserted Patents." Mot. at 11. That request is effectively open-ended and, consequentially, must be rejected.

Omni highlighted the open-ended nature of Oura's request in the prior briefing. O.A., Dkt. 137 at 9. Oura's failure to respond to, acknowledge, or dispute this point confirms that Oura shares Omni's understanding; and it confirms that Oura's open-ended, multi-year, stay should be rejected.

### 2. Oura's Arguments on the Likely Outcomes of the IPRs and EPR are Pure Speculation

As Omni argued in its opposition to Oura's prior motion to stay, it is not enough for Oura to rest on predictions about what might happen many months and years from now across a set of separate administrative proceedings. *Id.* at 9 (citing *Lionra Techs.* 2025 WL 1239317, at *3-4 ("While the Court acknowledges there is some possibility that resolution of the IPR could simplify the issues of this case, that is far from a certainty [and it] is unknown whether the PTAB will find all or even some of the asserted claims unpatentable")). IPR institution merely reflects that the petitioners have shown a "reasonable likelihood" of prevailing on at least one claim, but not all the asserted claims. Dkt. 30-5. No final written decisions have issued, and they are not due until February 3, 2027. This District has repeatedly rejected stays based on the mere possibility that claims may be invalidated. *See, e.g.,.Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL 2989201, at *3 (E.D. Tex. Apr. 5, 2017), *adopted*, 2017 WL 2989203 (E.D. Tex. May 30, 2017) (reasoning that "the possibility of canceling all of the claims of the asserted patents is merely speculative") (quoting *Chrimar Sys. Inc. v. Adtran, Inc.*, No. 6:15-cv-618-JRG-JDL, 2016 WL 9225575, at *2 (E.D. Tex. Dec. 9, 2016)).

Oura attempts to bridge this gap with generalized PTAB and USPTO statistics and probabilistic arguments based on nationwide averages. Mot. at 6, n. 3; 7, n. 4. But it is not sound to have statistics dictate the outcome here. *See SpeakWare, Inc. v. Microsoft Corp.*, No. SA CV 18-

1293-DOC (DFMX), 2019 WL 13555196, at *3 (C.D. Cal. June 21, 2019) ("[T]he Court is not persuaded by general PTO reexamination statistics; the PTAB will presumably decide each IPR on its merits, and thus the mere fact that many instituted IPR petitions resolve in the cancellation of some claims does not persuade the Court that a stay pending IPR review would ultimately simplify the issues before this Court"). Omni's claims should not be conflated with the hundreds of anonymous unrelated claims aggregated into broad statistics *See FlatFrog*, 2024 WL 3014621, at *2, n. 2 ("While the parties have presented statistics that they treat as giving exact chances, these are highly speculative and it would be improper to blindly apply them to any individual case.").

**3. This Case is Already Narrowed**

The standard practices of this Court, e.g., a mandatory pre-trial election of asserted claims and prior art references (*see* O.A., Dkt. 151 at 2) and timed trials, ensure the number of triable issues will be narrow. The number of asserted claims to be tried against Oura has already been reduced to 13 irrespective of the post-grant proceedings and belies Oura's simplification argument that the post-grant proceedings will limit the triable issues. *See* Mot. at 5-8. Accordingly, this factor weighs against a stay. *See Malibu Boats, LLC v. Mastercraft Boat Co.*, LLC, No. 3:15-CV-276-TAV-HBG, 2016 WL 4769353, at *3 (E.D. Tenn. Sept. 13, 2016) (denying a request for a stay when "[t]he parties ha[d] already streamlined the issues in this case rendering a stay unnecessary").

**4. Oura's Cited Cases are Inapposite**

Oura's reliance on the cases it cites is misplaced. In *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, the plaintiff did not even file a response to the motion to stay, and multiple asserted claims had already been rejected in final office actions. No. 6:13-CV-384-JDL, 2014 WL 5035718, at *1 (E.D. Tex. Oct. 8, 2014). In *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, the Court noted that the patents involved in the post-grant proceedings had a common specification and the subject claims had common terms. No. 2:16-CV-638-JRG, 2017 WL 9885168, at *1 (E.D. Tex. June 13,

2017). Those facts are not present here. Finally, as noted above, this Court has on multiple occasions explained that *AGIS*, was decided under very peculiar circumstances that went beyond the mere existence of the EPR proceedings.

**E. The Whoop Case is No Longer Stayed**

Oura's reliance on the recent orders in *Omni MedSci, Inc. v. WHOOP, Inc.*, No. 25-140 (D. Del.) is misplaced, as the case is no longer stayed. The Delaware court's May 18, 2026 order granted the stay conditionally, requiring WHOOP to agree "be bound by the estoppel related to Samsung's IPRs as if WHOOP were the party bringing those proceedings." *See* Ex. 7, *Omni Medsci, Inc. v. Whoop, Inc.,* No. 25-140, Dkt. 101, at 21 (D. Del. May 18, 2026). However, on June 1, 2026, WHOOP informed the Delaware court that "it is unable to agree to be bound by the estoppel provisions . . . ." Ex. 8. Shortly after receiving WHOOP's letter, the Delaware court issued an order lifting the stay that had been in place: "In view of the letter from counsel for the defendant dated June 1, 2026, the temporary stay entered by the court on March 13, 2026, D.I. [96], is lifted." Ex. 9, *Omni Medsci, Inc. v. WHOOP, Inc.*, No. 25-140, Dkt. 103 (D. Del. June 1, 2026).

**V. CONCLUSION**

Omni long-ago responded to each of the arguments that Oura rehashes in its Motion. O.A., Dkt. 137. And Oura roundly ignored and failed to respond to Omni's rebuttals in its Motion. The severance of this case from the Original Action does not change the circumstances that would make a stay unfair. The Court should deny Oura's Motion to Stay this case.

Date: June 25, 2026

Respectfully submitted,

*/s/ Daniel S. Stringfield w/ permission*
*William E. Davis, III*
William E. Davis, III
Texas Bar No. 24047416
Ty Wilson
Texas Bar No. 24106583
**DAVIS FIRM PC**
213 N. Fredonia Street, Suite 230
Longview, TX 75601
(903) 230-9090
bdavis@davisfirm.com
twilson@davisfirm.com

Daniel S. Stringfield (Admitted in E.D. Tex.)
Illinois Bar No. 6293893
Timothy P. Maloney (Admitted in E.D. Tex.)
Illinois Bar No. 6216483
Matthew A. Werber (Admitted E.D. Tex.)
Illinois Bar No. 6287658
Daniel D. Georgiev (Admitted in E.D. Tex.)
Illinois Bar No. 6326950
Texas Bar No. 24136166
Peter C. Krusiewicz (Admitted in E.D. Tex.)
Illinois Bar No. 6342444
Alvaro Cure Dominguez (Admitted E.D. Tex.)
Illinois Bar No. 6343312
**NIXON PEABODY LLP**
70 West Madison St., Suite 5200
Chicago, IL 60602
(312) 977-4400
dstringfield@nixonpeabody.com
tmaloney@nixonpeabody.com
mwerber@nixonpeabody.com
dgeorgiev@nixonpeabody.com
pkrusiewicz@nixonpeabody.com
acuredominguez@nixonpeabody.com

Elizabeth M. Chiaviello (Admitted in E.D. Tex.)
Texas Bar No. 24088913
D.C. Bar No. 90033239
Benjamin R. Holt (Admitted in E.D. Tex.)
D.C. Bar No. 1048285
**NIXON PEABODY LLP**

799 9th Street NW, Suite 500
Washington, D.C. 20001
(202) 585-8000
echiaviello@nixonpeabody.com
bholt@nixonpeabody.com

Nicholas Choi (Admitted in E.D. Tex.)
New York Bar No. 5811492
**NIXON PEABODY LLP**
55 West 46th Street
New York, NY 10036
(212) 940-3013
nchoi@nixonpeabody.com

Taylor Pfeifer (Admitted in E.D. Tex.)
California Bar No. 334181
tpfeifer@nixonpeabody.com
**NIXON PEABODY LLP**
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071
Tel: (213) 629-6000
Fax: (213) 629-6001

***Attorneys for Plaintiff Omni MedSci, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ William E. Davis, III*
William E. Davis, III